## HERMAN H. LIBBE, Appellant, v. ESTELLE M. LIBBE, Respondent.

### Kansas City Court of Appeals, June 17, 1912.

1. **DIVORCE: Motion for Alimony: Appeals and Error.** A motion for alimony *pendente lite* in a divorce proceeding relates to a cause of action that is separate and distinct from the divorce cause, but is incidental thereto, and an order, made on a proper hearing of such motion, is an adjudication of the issues thereby raised, and on the failure of the defeated party to perfect an appeal from such order the adjudication becomes final.

2. ———: **Alimony: Right of Wife.** Whether guilty or innocent the wife has a right to prosecute or defend an action for divorce, and since the husband usually holds the purse strings he must furnish her the means of attack or defense, if she is without adequate means of her own, and the fact that she is found to be the guilty party does not deprive her of the right to an appeal and to the means of prosecuting it and to sustain herself during its pendency.

3. ———: **Judgment: Collateral Attack.** Where a motion for alimony, pending an appeal, is overruled and no appeal taken from such judgment, it is error to thereafter sustain a motion to set aside such judgment.

Appeal from Buchanan Circuit Court.—*Hon. William D. Rusk*, Judge.

AFFIRMED IN PART AND REVERSED IN PART.

*Allen, Gabbert, Mitchell & Martin* for appellant.

*C. C. Crow* for respondent.

JOHNSON, J.—The cause is before us at this time on appeals of plaintiff from judgments rendered in favor of defendant on certain motions filed by defendant relating to alimony, *pendente lite,* and suit money. In 1908 plaintiff commenced the action by filing his petition for a divorce. In due time defendant an-

swered and also filed a crossbill in which she prayed
for a divorce, for the custody of the offspring of the
marriage for alimony. Before the trial defendant filed
a motion for alimony *pendente lite,* and suit money
and the court sustained the motion and made defend-
ant an allowance for her maintenance and for attor-
ney's fees that evidently was intended to provide for
her necessities until the trial of the case on its mer-
its. The court, at the trial, found the issues for plain-
tiff, granted him a divorce and dismissed defendant's
crossbill. Defendant appealed to this court and we
held that neither party was entitled to a divorce.
[Libbe v. Libbe, 157 Mo. App. 701.] After the trial
and before perfecting her appeal defendant filed a mo-
tion for alimony and suit money pending the appeal.
The court overruled the motion and defendant failed
to appeal from the judgment overruling it. After per-
fecting her appeal defendant filed a motion in this
court for alimony and suit money pending the appeal.
This motion was taken with the case and was over-
ruled in our decision on the ground that original ju-
risdiction over issues of alimony is vested alone in
the circuit court having jurisdiction of the divorce
suit and that since defendant had not appealed from
the judgment of the circuit court disallowing alimony
*pendente lite,* and suit money there was nothing be-
fore us for review but the judgment awarding a di-
vorce to plaintiff and giving him the custody of the
child. We concluded by reversing the judgment and
remanding the case "for further proceedings in ac-
cordance with the views expressed."

After the cause was remanded to the circuit court
defendant on June 15, 1911, filed a motion attacking
the judgment overruling her motion for alimony and
suit money which, as stated, was filed in the circuit
court after the trial of the case on the merits and
which was overruled July 20, 1909. The ground of the

attack was that the court overruled the motion without hearing evidence. Plaintiff filed an answer to this motion in which the jurisdiction of the court to entertain it was challenged. The court tried the issues raised by this motion and answer on June 20, 1911. Evidence was introduced from which it appears that when the motion filed by defendant for alimony pending the appeal of the divorce suit came on regularly for hearing, both parties were represented in court by counsel. Referring to the motion, the court said "Are you ready to take it up?" Counsel for plaintiff answered "Yes, sir." Counsel for defendant, "then read the motion for suit money." The court inquired of counsel for defendant, "Do you wish to be heard on it?" Counsel said, "No." Counsel for plaintiff then made an argument and the court took the motion under advisement. Afterward the court overruled the motion and the following record was made of the order:

Thursday, July 20, 1909, and during the May term of the circuit court, 1909. Now at this day come the parties to the above entitled cause by their respective attorneys and the motion for suit money coming on regularly for hearing is at this time taken up, argument of counsel heard thereon and this court being fully advised in the premises doth now overrule said motion."

Counsel for defendant did not offer any evidence on the motion. Evidence had been heard by the court on the first motion for alimony and suit money and at the trial of the divorce suit the issues relating to alimony had been thoroughly contested by the parties and the court had before it evidence *pro* and *con* bearing on the subjects of plaintiff's pecuniary condition and defendant's lack of means. Counsel for defendant testified that he refused to introduce evidence or to submit the motion for adjudication for the reason that he deemed the court was prejudiced against his client, but the stenographer's notes from which

we have quoted show, as stated, that he read the motion to the court and declined to make an argument upon it. The court sustained the present motion to set aside the judgment entered July 20, 1909, overruling defendant's motion for alimony and suit money on the ground that since there had been no legal hearing on that motion the court was without jurisdiction to enter a judgment overruling it. Plaintiff immediately filed a motion for a new trial which was overruled, whereupon plaintiff filed affidavit for appeal and the appeal was allowed. All of these proceedings occurred on June 20, 1911. On July 5, 1911, and at the same term, the order of appeal was set aside and on July 8th the appeal again was allowed. We shall dispose of the judgment on this motion before referring to the other motions we are called on to review.

The statute provides (section 2375, Revised Statutes 1909): "The court, on application of either party, may make such alteration, from time to time, as to the allowance of alimony and maintenance, as may be proper and the court may decree alimony pending the suit for divorce in all cases where the same would be just, whether the wife be plaintiff or defendant," etc.

Under this statute the original jurisdiction of the subject of alimony is lodged in the circuit court (Libbe v. Libbe, 157 Mo. App. l. c. 709) and a motion for alimony *pendente lite,* filed in that court in a divorce proceeding relates to a cause of action that is separate and distinct from the divorce cause but is incidental thereto. "The power of the court," say the Supreme Court in State ex rel. v. Seddon, 93 Mo. 520, "to order and enforce allowance for alimony *pendente lite,* although an adjunct of the action for divorce, is an independent proceeding standing upon its own merits, and in no way dependent upon the merits of the issues in the divorce suit, or in any way affected by the final decree upon those merits. It grows, *ex necessitate rei.*

out of the relations between the parties to the contro-
versy, and has nothing to do with the merits of that
controversy. The order making such allowance in this
case was a final and definite order disposing of the
merits of that proceeding in the circuit court and the
relator was entitled to make his appeal." Such being
the nature of the subject of alimony *pendente lite,* an
order of allowance or disallowance of such alimony
made on a proper hearing of the motion therefor is an
adjudication of the issues raised by the motion and
on the failure of the defeated party to perfect an ap-
peal from the judgment sustaining or overruling the
motion the adjudication becomes final. Defendant in
failing to appeal from the judgment overruling her
motion for alimony and suit money pending the appeal
cannot be heard to challenge that adjudication in a col-
lateral attack.

But counsel for defendant insist that there was
no proper and lawful hearing of the motion since the
record of the judgment fails to show the court heard
evidence introduced thereon and that this was such
an irregularity as would warrant the court in setting
aside the judgment in a proceeding for that purpose
instituted at a subsequent term. We concede that "if
the plaintiff does not come into court to prosecute
his suit no judgment can be taken against him and his
action should be dismissed" (Wright v. Salisbury, 46
Mo. 26; Clowser v. Noland, 72 Mo. App. l. c. 220), and
that "when there is no evidence introduced the proper
practice is to dismiss the proceedings." [Kelerher v.
Henderson, 203 Mo. l. c. 516.] But these rules do not
aid the position of defendant for the obvious reasons
that defendant was present at the hearing by her coun-
sel who presented the motion to the court by reading
it and the court had before it evidence on the issues
thus raised. Though the motion related to an inde-
pendent proceeding, it was a proceeding that was en-
grafted on the action for divorce and the court was

bound to take judicial notice of the evidence heard at the trial of the suit on its merits which pertained to the issues of alimony and suit money. This evidence was fresh in the mind of the court, fully covered the issues raised by the motion, and it would be absurd to say that the court, in order to act intelligently on the motion was bound to hear anew evidence already lodged in his breast. The refusal of counsel for defendant to offer evidence, in effect, was a declaration that defendant had no additional proof to that already adduced. We conclude the record discloses that there was a proper hearing of the motion, that the judgment rendered thereon was not irregular and that it should not have been set aside on the ground of fatal irregularity.

Immediately after the court sustained the motion setting aside the judgment we have been discussing defendant filed another motion (on June 20, 1911) for alimony *pendente lite,* and suit money. Plaintiff filed an answer and defendant a reply. The issues raised by these pleadings were tried on July 27th and the court rendered the following judgment:

"Now on this 27th day of July, 1911, comes the parties to this cause in person, and by their respective attorneys, and a motion for temporary alimony, suit money and attorneys' fees, filed herein June 24, 1911, entitled Exhibit "B," is now here taken up, presented to the court, the evidence is here and the argument of counsel, and the court being fully advised in the premises, sustains said motion and now here adjudges and decrees that defendant be allowed the sum of $1075 for her attorney fees to date, and the further sum of $175, as expense money laid out for her by her attorneys, all the sum to be paid to Mr. Charles C. Crow, her attorney of record; also, the further sum of $1500 as alimony, which is now fixed at the sum of sixty dollars a month, and to be paid the first day of each month until the further order of this court, said mo-

Libbe v. Libbe.

tion of $1500 being for the twenty-five months since the alimony money herein awarded said defendant ceased to be paid.''

In due time plaintiff filed motions for a new trial and in arrest of judgment which were overruled and plaintiff appealed.

As we have already stated the court had sustained a motion for alimony *pendente lite,* the suit money presented by defendant shortly after the institution of the suit and plaintiff had performed that decree by making the required payments to the time of the trial of the divorce suit.The purpose of the motion filed by defendant at the conclusion of the trial on the merits was to procure an order continuing the allowance to defendant of maintenance money during the pendency of the divorce action on appeal and also to procure an allowance of suit money that would enable her to pay her counsel reasonable fee for representing her in the appellate court, the allowance for attorney's fees and expenses made under the original motion being insufficient to cover such fees and expenses. After the court overruled that motion defendant received no money from her husband and being wholly without means of her own was compelled to depend on her father for her sustenance and for means to carry on the suit. The allowance in question being for alimony during the period following that of the original order and for suit money for the same period covers the same ground as that included within the scope of the overruled motion and it is the contention of plaintiff that the judgment rendered on that motion is *res adjudicata* of all issues which were raised or should have been raised by it.

We can conceive of no just ground on which the order of the court overruling that motion could have been based. Plaintiff is a prosperous business man in good circumstances and enjoying a good income from his business. Defendant, his wife, had no means

of her own, and unless she procured the money from her husband for her support and to carry on the divorce suit necessarily either would have had to abandon the suit or else resort to her family or friends for means. The law does not contemplate that a wife shall be reduced to a condition so hard. The Ecclesiastical courts of England allowed suit money almost as a matter of course and regulated the allowance to meet exigencies as they arose. Our statutes relating to alimony *pendente lite,* and suit money are but a modern adaptation of the rules and practices of the Ecclesiastical law. Whether guilty or innocent, the wife has a right to prosecute or defend an action for divorce and since the husband usually holds the purse strings he must furnish her the means of attack or defense if she is without adequate means of her own. The fact that the trial court found that the wife was the guilty party did not deprive her of her right to an appeal and of her right to the means of prosecuting it and of sustaining herself during its pendency. [Robbins v. Robbins, 138 Mo. App. 211; Rosenfeld v. Rosenfeld, 63 Mo. App. 411; Adams v. Adams, 49 Mo. App. 592.] The overruling of defendant's motion for alimony and suit money pending the appeal was not an exercise of sound discretion and under all the circumstances of the case was a grievous wrong to defendant.

It is true the judgment overruling the motion was an adjudication of the issues it raised and the failure of defendant to appeal left that adjudication impervious to a subsequent collateral attack but it did not divest the circuit court of jurisdiction over the subject-matter of alimony *pendente lite.* Before the rendition of final judgment in the divorce action and while the action is pending in the circuit court that court is given the power by the statutes to deal with the subject of alimony (Robbins v. Robbins, supra) and regardless of former motions and of judgments upon them, within the limits of a sound discretion, the court

may make such changes and alterations in respect of such judgments and of the allowance of alimony as the circumstances of the case seem to demand. At the time of the rendition of the judgment on the motion under consideration the divorce suit was pending in the circuit court. Our mandate remanded it to that court "for further proceedings in accordance with the views expressed" which meant that the final decree dismissing the petition and cross petition for divorce were to be entered at a future time. Until the entry of that decree the action was pending, the circuit court had jurisdiction of the subject of alimony and possessed the power to deal with that subject in its entirety.

Taking into consideration the pecuniary ability of plaintiff and the status of the parties, we do not find that the allowance of alimony was excessive and considering the nature and history of the divorce suit, we think the allowance for attorney's fees was within proper bounds. Defendant filed two other motions, one for suit money to defray her expenses and fees in the matter of plaintiff's appeal from the judgment sustaining the motion for alimony and suit money and the other for suit money to defend the judgment on the motion to set aside the judgment on the former motion for alimony and suit money. The court sustained these motions and made a reasonable allowance in each instance. This was proper.

The judgment setting aside the judgment (rendered July 20, 1909) overruling the former motion for suit money is reversed. The judgments rendered on the three motions relating to alimony and suit money are affirmed. All concur.