253 S.W.2d 814 (1953)
SIMMS
v.
SIMMS.
No. 42859(A).
Supreme Court of Missouri, Division No. 2.
January 9, 1953.
*815 Herman Barken, Clayton, A. E. L. Gardner, Clayton, for appellant.
Bertram W. Tremayne, Jr., Ralph R. Neuhoff, Jr., and Neuhoff, Tremayne & Schaefer, St. Louis, for Martha Simms.
BARRETT, Commissioner.
On the 21st day of August 1951, after the proper notices of appeal had been filed in the trial court in Simms v. Simms, Mrs. Simms filed a "motion for alimony pending appeal, attorneys' fees and suit money." Upon the presentation of this motion the court allowed her $300 a month alimony during the pendency of the appeal, $150 for printing briefs and additional attorneys' fees of $850. As to this phase of the proceeding Mr. Simms filed a separate motion for a new trial and upon the motion's being overruled, filed a notice of appeal from the order and judgment on the 18th day of October 1951. That notice of appeal was likewise lodged in this court and the parties have entered into a stipulation that the transcript of the proceedings upon the cross-appeals as to the alimony may be considered as the transcript upon Mr. Simms' appeal as to the alimony and allowances pending the appeal. When the notice of appeal as to that proceeding was lodged in this court it was given the same docket number as the cross-appeals in the principal case, and the parties state that all the appeals were thereby consolidated, and it is urged that this court thereby has jurisdiction of the latter appeal and our determination of this phase of the controversy is requested by the appellant.
Since the appeals in the principal case are properly here it may seem absurd and unreasonable to some for this court to refuse or be unable to also adjudicate this collateral controversy. But the problem is one of jurisdiction and power in this court to decide the controversy, and counsel for Mrs. Simms has challenged our jurisdiction by filing a motion to transfer this phase of the controversy to the appropriate court of appeals. As indicated in the principal opinion, if all the causes could be consolidated and the total sums of all the judgments considered, the jurisdictional constitutional amount would be in this court. Aufderheide v. Polar Wave Ice & Fuel Co., 319 Mo. 337, 4 S.W.2d 776; City of St. Louis v. Essex Investment Co., 356 Mo. 1028, 204 S.W.2d 726. But there has been no move by the parties to consolidate the appeals, they have not been consolidated, and if the cross-appeals and this immediate proceeding are separate and independent proceedings and may not be consolidated this court would not have and could not acquire original appellate jurisdiction of this latter controversy.
In an action for divorce the circuit court has jurisdiction, after a final decree has been entered and an appeal allowed, to hear and determine the wife's application for alimony and suit money pending the appeal. The taking of an appeal in the principal action does not divest the circuit court of its jurisdiction to adjudicate the matter of alimony and suit money pending *816 the appeal. The question of alimony and suit money pending the appeal is referable to the principal question, but it is a separate and distinct matter, not arising until after entry of final judgment and calling for an order from which a separate and distinct appeal will lie. If the wife's petition be dismissed the trial court has no jurisdiction to order the payment of money pending the appeal until after a notice of appeal has been filed. Jones v. Jones, Mo. App., 164 S.W.2d 162; State ex rel. Kranke v. Calhoun, Mo.Sup., 232 S.W. 1038. An application for alimony and suit money pending an appeal requires a separate hearing and in all likelihood evidence different from and in addition to that adduced upon the principal trial. Vordick v. Vordick, 205 Mo.App. 555, 567, 226 S.W. 59. There may be factors requiring the granting of a divorce and the allowance of alimony in gross, or even by the month, but the same factors may not be present or may have but little bearing upon a proceeding for alimony and suit money pending the appeal. Motley v. Motley, 93 Mo.App. 473, 481, 67 S.W. 741. These matters are of no significance as reasons for this court's refusal to assume jurisdiction of a related matter other than that they are plainly indicative of the fact that they are separate and distinct proceedings. While all motions to modify divorce decrees in any respect are in a sense a continuation of the original actions, they are in fact independent proceedings. The orders, decrees and judgments upon the motions in fact adjudicate new and different matters and rights irrespective of the matters and rights adjudicated in the principal proceeding. Hayes v. Hayes, Mo.Sup., 252 S.W.2d 323.
As counsel for Mr. Simms remembers, no doubt, this identical question arose twenty-five years ago in Stuart v. Stuart, 320 Mo. 486, 8 S.W.2d 613, 614. In transferring that appeal to the St. Louis Court of Appeals for lack of jurisdiction in this court Judge Ragland said, "It may be added that this appeal is in no way related to the appeal from the judgment on the merits now pending in this court, but is wholly independent of it. Neither will be in any way affected by the disposition that is made of the other. Jurisdiction of the appeal from the judgment dismissing the petition and cross-bill, if we have it, does not therefore confer jurisdiction of this appeal on the ground that it is in aid of or is auxiliary to the principal case." See also Clemens v. Clemens, Mo.Sup., 235 S.W.2d 342; Clemens v. Clemens, Mo.App, 238 S.W.2d 47; Schwer v. Schwer, Mo.App., 50 S.W.2d 684; Schwer v. Schwer, Mo.App., 50 S.W. 2d 686. Compare Arnold v. Arnold, Mo.Sup., 222 S.W. 996, 1002. This court does not have jurisdiction of the appeal from the order allowing alimony and suit money pending the appeal in the principal case and that appeal is therefore transferred to the St. Louis Court of Appeals.
WESTHUES and BOHLING, CC., concur.
PER CURIAM.
The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.
All concur.