**Floyd W. WHITE, Plaintiff (Defendant), Appellant,**

v.

**Helen M. WHITE, Defendant (Plaintiff), Respondent.**

No. 22756.

Kansas City Court of Appeals.

Missouri.

May 5, 1958.

See also 312 S.W.2d 167.

Don C. Carter, Sturgeon, for appellant.

Edgar G. Wayland, Columbia, Alexander, Welliver & Wayland, Columbia, of counsel, for respondent.

SPERRY, Commissioner.

Plaintiff, Floyd W. White, sued his wife, Helen M. White, for divorce. She counterclaimed for separate maintenance. Pending the trial of that case on the merits, defendant filed a motion for alimony *pendente lite,* which was heard and sustained. Thereafter, the cause was tried on the merits. Plaintiff's petition for divorce was allowed and the court found against defendant on her counterclaim. Defendant appealed and then filed a motion for

alimony pending the appeal. The motion was heard and sustained. Plaintiff appeals from that part of the judgment wherein he was ordered to pay $125 per month to defendant for her maintenance and support.

The judgment was for the following sums:

Preparation of transcript, $300; Printing brief and travel expenses, $250; Additional attorneys' fees, $350; and $125 per month for maintenance. No complaint is made on this appeal as to any of the above items except the last. Plaintiff contends that the court had no power to render judgment for maintenance because no evidence was offered or heard on the defendant's financial condition or need.

Defendant filed her verified motion for alimony and suit money herein, alleging that, several months prior to rendition of the decree of divorce, she had filed a motion for alimony pending the trial of the case on the merits; that said motion was heard and judgment given for defendant thereon; that ample evidence was heard during the trial of the case concerning defendant's impoverished condition, her ill health, and her inability because of her health to seek gainful occupation, together with plaintiff's financial ability to pay alimony pending final disposition of the case.

When the motion came on for hearing defendant offered testimony concerning the cost of the transcript, briefs, and attorneys' fees on appeal, but did not offer any testimony as to defendant's financial condition or earnings.

The court stated: "But this woman, according to the testimony at the trial, is destitute insofar as any individual income other than the charity of her mother and friends."

Plaintiff contends that the court may not base this judgment on evidence heard at the previous trial, but that the court must base such a judgment only on evidence offered at the hearing on the motion. He cites and relies on Noll v. Noll, Mo.App., 286 S.W.2d 58.

There plaintiff's wife sued defendant husband for divorce. The wife's petition was dismissed and the husband was granted a decree of divorce. Thereafter, the wife appealed and moved for alimony *pendente lite*. She asked only for an allowance for preparing the transcript and brief on appeal, which was ordered paid. No appeal was taken but, thereafter, she filed another motion for support pending the appeal. Her motion was sustained and judgment entered thereon. From the latter judgment the husband appealed. This court held that the prior unappealed judgment constituted *res adjudicata* of all issues tried or triable in that matter, and that the trial court erred in rendering the judgment appealed from. That was the sole issue ruled.

In the course of ruling the case we quoted from Simms v. Simms, Mo., 253 S.W.2d 814, 815, 816, as follows: "An application for alimony and suit money pending an appeal requires a separate hearing and in all *likelihood* evidence different from and in addition to that adduced upon the principal trial." (Italics ours.)

Plaintiff contends that we held, in the Noll case, that such a motion as this *requires a separate hearing and separate evidence*. That is not what the Supreme Court said in Simms v. Simms, supra. It said that "in all likelihood" separate evidence, from that on the merits, would be required to support a judgment for alimony *pendente lite*. That statement is true. However, in the case at bar, evidence was heard in the first motion, and evidence was also heard in the course of the trial on the merits of the case, to the effect that defendant was totally dependent upon her relatives, and had no means of her own with which to pay costs or for her support, pending final disposition of the case. The court so stated in ruling this motion.

Defendant also cites and relies on Wonneman v. Wonneman, Mo.App., 305 S.W. 2d 82, 83. There the court ruled that the matter of granting alimony and suit money pending *appeal* relates to a proceeding that is separate and distinct from the divorce action or any such subsequent action to modify same, and that allowances *theretofore* made have no relevancy and should not be considered in passing upon a motion for suit money and attorney fees *pending appeal*. The court did not say that *evidence* heard at the previous trial touching the wife's lack of financial ability to pay costs of appeal and maintenance, may not be considered in ruling a subsequent motion for alimony *pendente lite*.

Neither decision supports plaintiff's contention.

In Libbe v. Libbe, 166 Mo.App. 240, 148 S.W. 460, 462, in speaking of a motion for alimony *pendente lite,* we said: "Though the motion related to an independent proceeding, it was a proceeding that was ingrafted on the action for divorce, and the court was bound to take judicial notice of the evidence heard at the trial of the suit on its merits which pertained to the issues of alimony and suit money."

We held that the court might properly rule on such a motion without having heard any evidence on the motion, since the court had heard evidence on the subject during the trial of the case on the merits. We further said that it would be absurd to say, under the circumstances, that the court, in order to act intelligently on the motion, was bound to hear anew evidence already lodged in its breast.

The judgment should be affirmed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is affirmed.

All concur.