Lois O. HARRIMAN, (Plaintiff) Respondent,

v.

John W. HARRIMAN, (Defendant) Appellant.

No. 31643.

St. Louis Court of Appeals.

Missouri.

May 18, 1965.

Rehearing Denied June 21, 1965.

Joseph J. Howard, Kirkwood, Harry C. Avery, St. Louis, for appellant.

Norman Bierman, Stuart M. Haw, Jr., Anderson, Gilbert, Wolfort, Allen & Bierman, St. Louis, for respondent.

WOLFE, Judge.

This is an appeal from an order of the Circuit Court awarding alimony pendente lite, attorney's fees and suit money. The motion for the allowance was filed after the defendant appealed from a judgment modifying a divorce decree.

The facts as they relate to the modification of the divorce decree are fully set out in Harriman v. Harriman, Mo.App., 393 S.W.2d 103, filed concurrently with this opinion. When the motion for alimony pendente lite came on for hearing below, the plaintiff's attorney introduced in evidence the same depositions upon which the motion to modify had been tried. The same facts were therefore before the court, and will not be repeated herein.

The court sustained the motion for alimony pendente lite and awarded the plaintiff $400 per month, and also allowed $1,000 attorney's fees and $350 suit money. It is from this order that the defendant prosecutes this appeal.

It is first contended that the trial court was without jurisdiction to grant alimony pendente lite, suit money, and attorney's fees, as no divorce case was pending. It has been stated that while all motions to modify divorce decrees in any respect are in a sense a continuation of the original action, they are in fact independent pro-

ceedings. The orders, decrees, and judgments upon the motion, in fact adjudicate new and different matters and rights without respect to the matters and rights adjudicated in the original proceedings. Simms v. Simms, Mo.Sup., 253 S.W.2d 814; Hayes v. Hayes, 363 Mo. 583, 252 S.W.2d 323.

A point similar to the one here under consideration was raised in Wonneman v. Wonneman, Mo.App., 305 S.W.2d 82. That case also was an appeal by a defendant after modification of a divorce decree, and we held that the Circuit Court had jurisdiction to hear and determine a motion for suit money and attorney's fees at all times while the action is pending, and that so long as an appeal is pending the action is pending. Jones v. Jones, Mo.App., 164 S.W.2d 162; Fox v. Fox, Mo.App., 312 S.W.2d 362. The point, therefore, is without merit.

The second point is that the court exceeded its jurisdiction in that it overruled the mandate of this court in Harriman v. Harriman, 281 S.W.2d 566. There is no merit to this for, as stated above, the matter here under consideration involves an independent proceeding not covered by any prior mandate of this court.

■ It is also asserted that the court erred in considering the evidence presented at the trial of the motion to modify the decree in its trial of the motion for alimony pendente lite, suit money, and attorney's fees. The defendant offered no evidence of any change in his financial situation, and it would be absurd to say that the court could not consider evidence which it had so recently heard in arriving at the sum to be allowed, pending the appeal from its order. White v. White, Mo.App., 313 S.W.2d 72.

■ One other point is raised, and this goes to the allowance of $400 per month alimony pendente lite, on the grounds that it is a duplication of the award made in the motion to modify. We cannot say that the court erred in allowing the $400 a month pendente lite, for at the time of the award there was an appeal pending in which the defendant sought to overthrow the decree as modified, and the plaintiff was entitled to support while her award was under attack. As we stated in Jones v. Jones, 164 S.W. 2d 162, l. c. 163:

"The necessity for the reservation of the power to grant alimony and suit money pending the appeal is due to the fact that it is the husband who ordinarily controls the purse strings; and were he not subject to be compelled to provide his wife with the means of prosecuting her own appeal where judgment goes against her, or of resisting his appeal when the judgment is in her favor, she would often be left in a helpless and defenseless condition, and without the means to protect her rights."

However, in Harriman v. Harriman, involving the modification of the decree and decided concurrently with this appeal, we sustained the award of $400 per month alimony granted by the court on the motion to modify the decree. Since the plaintiff prevailed in that case, under our mandate she will be entitled to $400 per month from the date of the judgment of modification from which the defendant appealed. It is evident, therefore, that in view of the decision that we have heretofore made, an award of $400 as alimony pendente lite would be a duplication of allowances.

It is not contended that the suit money and attorney's fees here allowed are excessive, and we therefore affirm the allowances for suit money and attorney's fees, but reverse that part of the judgment awarding alimony pendente lite.

RUDDY, P. J., and JAMES D. CLEMENS, Special Judge, concur.

ANDERSON, J., not participating.