Patricia Nell MINCE, Respondent,

v.

Leslie G. MINCE, Appellant.

No. 25747.

Missouri Court of Appeals,
Kansas City District.

June 5, 1972.

Jerry Conkling, Kansas City, for appellant.

James W. Farley, Farley & Mos, Farley, for respondent.

SHANGLER, Chief Judge.

This appeal comes from a judgment allowing respondent an attorney fee for services relating to the motion of appellant, her former husband, to modify the visitation provision of the decree of divorce.

Appellant and respondent were divorced on October 7, 1966, by a decree which awarded to the respondent wife custody of

the two minor children, an allowance for their support, alimony and an attorney fee. Subsequently, in March of 1970, that decree was modified to increase the support allowance. At that hearing, the evidence established that appellant, a commercial airline pilot, was earning about $17,500 annually. Then, in June of 1970, appellant sought modification of visitation to allow him custody of the children for one month during the summer. Asserting the direful consequences of such an allowance of visitation, respondent brought her concurrent motions to require appellant to submit to a psychiatric examination under Supreme Court Rule 60.01(a), V.A.M.R. and for an attorney fee. Appellant could not obtain the approval of his airline employer for voluntary compliance with such a prospective order, and rather than risk the economic consequences, withdrew his motion. On November 5, 1970, the trial court after hearing evidence allowed respondent an attorney fee of $623.23 for services rendered in contest of appellant's motion to modify the divorce decree of October, 1966 as to visitation. It is this judgment alone which is the subject of this appeal.

█ Appellant makes oblique reference to the duty of an appellate court "to dispose of the entirety of the cause". By this he means for us to accede to the review, also, of a subsequent, separate, judgment for $1,000.00 awarded respondent as an attorney fee to enable her to answer this appeal, from which judgment he has also appealed. We may not do so, for although appellant's notice of appeal from the latter judgment was received by the clerk of this court on July 14, 1971, the transcript of the record of those proceedings has not been filed so that our jurisdiction to decide that cause has not yet been engaged. For that reason, and because that appeal has not been otherwise perfected conformable to Rules 81.12 and 84.04, V.A.M.R., it is now subject to ready dismissal under Rule 84.08 V.A.M.R.

The only appeal, both pending and perfected, between these litigants is that taken from the judgment of November 3, 1970, which awarded respondent an attorney fee of $623.23 for services relating to appellant's motion for enlargement of his right of visitation. The only issue raised as to that judgment is whether the award of an attorney fee to respondent, without inquiry into the comparative resources of the parties and without evidence that respondent was without adequate means to pay for those services herself, was a manifest abuse of discretion.

█ The broad discretion of a trial court to make allowances of attorney fees in such cases must be exercised in the light of the (former) wife's necessities and the (former) husband's ability to pay. Graves v. Wooden, Mo.App., 291 S.W.2d 665, 671 [12]. If the wife has sufficient means to prosecute her side of the dispute, there is no reason to require the husband to finance her. Mathews v. Mathews, Mo. App., 337 S.W.2d 529, 535 [8]. And it is the wife who bears the burden of proving that she is unable to meet the expenses of litigation. Buettmann v. Buettmann, Mo. App., 465 S.W.2d 868, 870 [2]. In the absence of substantial record evidence of the wife's financial condition tending to show, on comparison, such superior resources in the husband that, under the circumstances, the wife fairly should not be required to look to her own means for the expenses of litigation, the wife has not borne her burden of proof and an allowance to her of an attorney fee is an abuse of judicial discretion. Rutlader v. Rutlader, Mo.App., 411 S.W.2d 826, 829 [4]; Ridgley v. Ridgley, Mo.App., 370 S.W.2d 679, 684 [8].

Respondent does not dispute the relevance of these principles to the issue raised, nor does she deny that at the hearing of November 5, 1970—upon which her judgment rests—no evidence was adduced that she lacked adequate means to pay her attorney a fee to contest appellant's motion to modify the visitation provision of the decree of October, 1966. It is her position that a motion to modify a decree of divorce (as well as any ancillary motion for

an attorney fee) is only a continuation of the original action for divorce, and in considering any such motion the trial court is bound to take judicial notice not only of the records of those prior proceedings but of the evidence there given, as well. So, argues respondent, since the trial judge who presided at the divorce hearing of October, 1966, also presided at every subsequent proceeding to modify that decree, "all of the evidence commencing in 1966 and culminating in the present action" became part of the judge's personal knowledge of the case and was sufficient basis for the November 5, 1970 allowance of attorney fee, although in that hearing there was neither evidence of respondent's lack of means nor of appellant's superior resources. This is so, respondent continues, because the relief awarded respondent by the trial judge in October of 1966 included allowance of an attorney fee—which was presumptive proof of her lack of means—and the March, 1970 motion to increase the child support allowance disclosed appellant's earnings at $17,500 annually—and thus established his superior financial resources and ability—all of which the trial judge judicially knew, without independent proof, when entering the judgment for attorney fee we now review.

While we may agree that the motion for attorney fee upon which respondent's judgment rests was in a sense a continuation of the original action for divorce,[1] it does not follow that a trial judge who presided at both may take judicial notice of evidence given at the divorce hearing so as to dispense with proof of those facts on a motion for an attorney fee not engrafted on or otherwise ancillary to the divorce action.

Nor do the authorities respondent offers on this point support her position. In each, Libbe v. Libbe, 166 Mo.App. 240, 148 S.W. 460 and White v. White, Mo.App., 313 S.W.2d 72, the court had under consideration a motion for alimony and suit money pending appeal. In each, the question was whether, after recently having concluded a divorce hearing on the merits where evidence on the issues of alimony and suit money was given, the trial court could properly, without additional proof of her financial condition or need, enter an allowance for alimony and suit money on the wife's motion pending appeal from the divorce judgment. To this, the *Libbe* court answered, (l. c. 462 [4, 5]) :

"Though the motion related to an independent proceeding, it was a proceeding that was ingrafted on the action for divorce, and the court was bound to take judicial notice of the evidence heard at the trial of the suit on its merits which pertained to the issues of alimony and suit money. This evidence was fresh in the mind of the court, fully covered the issues raised by the motion, and it would be absurd to say that the court, in order to act intelligently on the motion, was bound to hear anew evidence already lodged in his breast."

This rationale, adopted in *White,* 313 S. W.2d l. c. 74, and last followed in Harriman v. Harriman, Mo.App., 393 S.W.2d 103, 108 [3] [2] which permits an adjudication of rights in an independent proceeding on the basis of proof made in a prior cause is validly applied only where the subsequent proceeding is ancillary to the former and the decision in the former case is so recent that the evidence remains fresh in

1. Bettinger v. Bettinger, Mo.App., 355 S.W.2d 354, 360 [4]; Crooks v. Crooks, Mo.App., 197 S.W.2d 678, 685 [17]; Haagen v. Haagen, Mo.App., 11 S.W.2d 757, 758 [2].

2. The genealogy of the Libbe principle seems to spring from Rosenfeld v. Rosenfeld, 63 Mo.App. 411, 414 [2], and has been expressed in one form or another, also, in Weber v. Weber, Mo.App., 189 S.W. 580; Arndt v. Arndt, 177 Mo. App. 420, 163 S.W. 282, 284 [5] and Brown v. Brown, Mo.App., 176 S.W.2d 296, 298 [5].

the mind of the judge and continues "lodged in his breast".

An ancillary proceeding, in legal usage, is one subordinate to or in aid of another primary action, in this sense, a motion for an attorney fee brought consequent to a motion to modify a decree of divorce is adjunctive of and ancillary to that motion to modify. Herhalser v. Herhalser, Mo.App., 401 S.W.2d 187, 193 [8–11]. In this sense, also, the motion for an attorney fee upon which respondent's judgment rests was ancillary only to the motion to modify the decree as to visitation, and not to either the original divorce action or the motion to increase child support.[3] On the principle of *Libbe* and *White,* therefore, the evidence of the comparative means of the parties heard on those other proceedings, to which respondent's motion for an attorney fee was neither engrafted or related in time, may not be considered by the judge at the subsequent proceeding as proof of those facts.

The *Libbe* case, its precursors and successors, merely apply to proceedings supplementary and ancillary to divorce actions principles of judicial notice applicable to litigations generally. The effect of judicial notice is to assume as true facts which otherwise must be proved. Scheufler v. Continental Life Ins. Co., 350 Mo. 886, 169 S.W.2d 359, 365 [8]. In its broad sense, judicial notice operates not only as to things commonly known, but also as to things courts are deemed to know by virtue of their office. Bone v. General Motors Corp., Mo., 322 S.W.2d 916, 924 [9]; 29 Am.Jur.2d, Evidence p. 54. Thus, a court can take judicial notice of its own records. A court, however, does not ordinarily judicially notice the records and facts in one proceeding in deciding another and different one because "(i)t is not just that a court should . . . decide a case upon

evidence which a party had been afforded no opportunity to refute". Knorp v. Thompson, 352 Mo. 44, 175 S.W.2d 889, 894 [4]; Hess v. Hess, Mo.App., 183 S.W.2d 560, 564 [2, 3]. Nor should a reviewing court decide a case upon which evidence a party has had no opportunity to refute, impeach or explain. In the Matter of Adoption of K. B. I. D. v. V. M. G., Mo.App., 417 S.W.2d 702, 704 [1–4]. When the justice of the case requires, however, and the fact to be noticed appears with such certainty that controversy is unlikely, a court may take notice of the records and proceedings of other cases without requiring formal evidence. Wigmore on Evidence, Vol. IX, Sec. 2579. " 'And "there may be cases so closely interwoven, or so clearly interdependent, as to invoke" a rule of judicial notice in one suit of the proceedings in another suit.' " Thompson v. Scott, 323 Mo. 790, 19 S.W.2d 1063, 1065 [2]; Goodwin v. Costello, 240 Mo.App. 656, 212 S.W.2d 804, 809 [7–9]; Stouse v. Stouse, Mo., 270 S.W.2d 822, 826 [2]. No such consideration appears here, nor does justice require it.

Assuming, nonetheless, that the evidence on the comparative means of the parties given in the prior, independent, proceedings was cognoscible on the motion for an attorney fee, still such evidence was not within that judge's duty of knowledge. It does not appear that any request was made of the trial judge to take judicial notice of the records and proceedings of 1966 and March, 1970, wherein this evidence is said to repose. Nor does it appear that the trial court did in fact take notice of these records, even in the absence of request, in the determination of the issue presented. "The facts of which a trial court does take judicial notice must be offered in evidence so as to become a part of the record in the case." Randall v. St. Albans Farms, Inc., Mo., 345 S.W.2d 220, 223 [3, 4]; Scheufler v. Continental Life Ins. Co., 350 Mo.

---

3. "While all motions to modify divorce decrees in any respect are in a sense a continuation of the original actions, they are in fact independent proceedings." Simms v. Simms, Mo., 253 S.W.2d 814, 816 [3].

886, 169 S.W.2d 359, 365 [9–13]; Bohannon v. Camden Bend Drainage Dist., 240 Mo.App. 492, 208 S.W.2d 794, 800 [7].

 We also reject the implications of respondent's argument, now only hypothetical, that matters judicially noticed are thereby conclusively proved. Judicial notice is merely a rule of evidence and if facts judicially noticed are disputable, the other party may rebut them. Timson v. Manufacturers' Coal & Coke Co., 220 Mo. 580, 119 S.W. 565, 569; Wigmore on Evidence, Vol. IX, p. 535. Even had the evidence of the comparative means of the parties been within the judge's duty of knowledge, the appellant would not have been foreclosed from showing (as he was about to) that the respondent had the present means to pay for the services of her own attorney.

The judgment is reversed and remanded.

All concur.

PRITCHARD, SWOFFORD and WASSERSTROM, JJ., not participating because not members of the court when cause was submitted.