**Minna June DARDICK, Petitioner-Respondent,**

v.

**Leon M. DARDICK, Respondent-Appellant.**

**No. 44860.**

Missouri Court of Appeals, Eastern District, Division Two.

Aug. 30, 1983.

Jerome F. Raskas, David A. Smith, Raskas, Ruthmeyer, Pomerantz & Wynne, St. Louis, William D. Kimme, Isidore I. Lamke, Kimme, Lamke & O'Connor, Washington, for respondent-appellant.

Theodore S. Schechter, Schechter & Collignon, Clayton, William W. Eckelkamp, Eckelkamp, Eckelkamp & Wood, Washington, for petitioner-respondent.

GAERTNER, Judge.

Appellant (husband) appeals from three separate and successive post trial motions pendente lite which awarded respondent (wife) temporary maintenance, attorneys' fees and costs pending appeal of an underlying dissolution decree. These three separate appeals have been consolidated here.

On June 24, 1981, husband filed a notice of appeal to this court from a decree of dissolution entered on June 16, 1981. Husband's supersedeas bond was filed and approved which stayed execution of the decree pending appeal.

On July 27, 1981, wife filed a motion pendente lite (PDL) for temporary maintenance, attorneys' fees, and costs. The trial court granted wife's motion PDL for support, $3,000 per month, but denied her attorneys' fees and costs. Husband filed his notice of appeal from this first PDL order and a *motion for* supersedeas bond PDL. The trial court on September 18, 1981, approved husband's bond which stayed execution of wife's first motion PDL pending its appeal.

Wife filed her second motion PDL on October 20, 1981, again seeking temporary maintenance, attorneys' fees, and costs. The trial court granted wife's motion for $3,000 per month support, $8,000 for additional attorneys' fees and $500 costs. Husband filed a notice of appeal from this second PDL order and a motion for supersedeas bond PDL. On March 8, 1982, the trial court approved husband's supersedeas bond which stayed the execution of wife's second motion PDL pending its appeal.

Wife filed a third motion PDL on March 19, 1982, seeking temporary maintenance, attorneys' fees and costs pending appeal of the second PDL. The trial court granted wife's motion awarding her $3,000 per month maintenance and $500 attorneys' fees. Husband filed a notice of appeal from this third PDL order and a motion for supersedeas bond PDL. The trial court approved husband's appeal bond which stayed the execution of wife's third PDL pending its appeal.

In each of wife's three motions pendente lite, husband applied for a change of judge pursuant to Rule 51.05(a) which states that "[a] change of judge shall be ordered in any civil action based upon the filing of a written application therefor...." Husband's applications were all denied. Husband contends that a motion pendente lite in a dissolution decree is a "civil action" under the rule, and the trial court's denial of husband's applications for a change of judge amounts to reversible error. We disagree.

■■■ It is well established in Missouri that orders on motions to allow maintenance and suit costs pendente lite are judgments in independent proceedings. They stand upon their own merits and are in no way dependent upon the merits of the issues in the underlying dissolution suit. The order making an allowance upon a motion pendente lite is a final judgment disposing of the merits of that proceeding from which an appeal may be taken. *Nilges v. Nilges,* 610 S.W.2d 58, 62 (Mo.App.1980); *State ex rel. Thomas v. Kelly,* 631 S.W.2d 685, 689 (Mo.App.1982).

■■■ Husband asks this court, without any supporting authority, to characterize an independent proceeding which leads to a final judgment for the purposes of appeal as necessarily constituting a "civil action" under Rule 51.05(a). This we are not inclined to do. Although a motion pendente lite is a separate and distinct proceeding from the underlying divorce decree, it is incidental to and engrafted on the divorce decree. It is not a "civil action" as the term is meant under Rule 51.05(a).

What this court held in *Dagley v. Dagley,* 270 S.W.2d 553 (Mo.App.1954), under analogous facts is applicable and controlling here:

"Plaintiff further urges that the trial court erred in denying plaintiff's application for a change of venue, filed in connection with the motion for suit money and attorneys' fees pendente lite on appeal. A change of venue may be awarded in a 'civil suit,' Section 508.090, RSMo 1949, V.A.M.S., but such a motion is not a civil suit. It is but a continuation of the

original motion to modify, and is merely ancillary thereto. It is not an independent, original action in which a change of judge may be awarded, as the term is construed in *Hayes v. Hayes,* [363] Mo. [583], 252 S.W.2d 323."

*Dagley v. Dagley,* 270 S.W.2d at 560.[1] The trial court did not err in denying husband's applications for change of judge.

■ Husband further contends that the trial court committed reversible error in refusing to recuse himself from determining wife's motions pendente lite. Husband argues that since he challenged on appeal the "fairness" of the underlying dissolution decree, the trial court should have recused himself immediately upon the timely filing of husband's application for change of judge in order to avoid even the appearance of impropriety. Husband cites no authority for this principle, and we find it unpersuasive here.

■ In addition, husband argues in his brief that the "arbitrary and unjustified [PDL] orders of excessive sums of money for maintenance, attorneys' fees and suit money not only presented the appearance of bias and prejudice but clearly establish a predisposition of this judge to penalize husband." Husband's conclusion here is unfounded. Testimony at the trial showed the 59 year old wife to have been unemployed since shortly after the marriage of the parties in 1955. She possessed no particular job-related skills and had been under the care of a psychiatrist since the parties' separation. The 53 year old husband was the president of a corporation with an annual taxable income of approximately $95,000 per year plus other fringe benefits. In her verified income and expense statement filed in the dissolution action and part of the record on appeal, wife itemized her need for $2,807.53 per month net of taxes in order to maintain her present standard of living. This evidence alone is competent and substantial evidence to support the trial court's award of $3,000 per month in temporary maintenance. Moreover, a trial court has broad discretion in determining whether to make an award of attorneys' fees and in what amount, and an appellate court will not overturn its decision except for abuse of discretion. *Brown v. Brown,* 609 S.W.2d 223, 228 (Mo.App.1980). Husband has not demonstrated an abuse of discretion, and we find none on review.

Husband's final argument on this point is that the trial court made various comments on November 17, 1981, the hearing on wife's second PDL motion, which together with the rulings in the case establish a predisposition of the trial court to penalize the husband. After reviewing the full transcript of the November 17th hearing, we conclude that husband's contention is unfounded. There is nothing in the transcript to suggest that the trial court judge was biased as to prejudice husband's rights being adjudicated. After the trial court sustained wife's second motion PDL, we note that husband was granted four separate extensions of time to file a Writ of Prohibition in this court. Moreover, the trial court sustained husband's motion to reconsider the second PDL order and reduced the attorneys' fees granted therein by $2,000. As we discussed earlier, wife's income and expense statement provided substantial evidence for the trial court to allow $3,000 per month temporary maintenance. Husband's argument here has no merit.

■ Husband's next point on appeal is that the trial court committed reversible error by refusing to receive evidence from husband before sustaining wife's three post-trial motions pendente lite. The record does not show that husband requested an evidentiary hearing for either the first or the third pendente lite motions. The record of the second PDL hearing shows that the husband did request an evidentiary hearing.

---

1. Change of venue and disqualification of judge formerly were two sections of a single statute. § 508.090, RSMo 1949. Perhaps for this reason, the term "change of venue" was at times incorrectly applied to the disqualification of a trial judge. What is referred to in *Dagley* is a change of judge. Obviously, there would not be a change of venue in a divorce proceeding tried without a jury.

Regardless, husband's apparent contention is that a post-trial pendente lite motion requires an evidentiary hearing in order to adduce evidence upon which the trial court may base its order. Failure to hold an evidentiary hearing, husband asserts, constitutes reversible error. As to the first PDL motion, filed shortly after the decree of dissolution was entered, we disagree.

Contrary to husband's contention, it is proper for a trial court in a pendente lite proceeding to consider the pertinent evidence on a party's reasonable needs for maintenance and attorneys' fees which was adduced during the earlier dissolution action. See *Gross v. Gross*, 319 S.W.2d 880 (Mo.App.1959).

"Though the motion (for alimony on appeal) related to an independent proceeding, it was a proceeding that was engrafted on the action for divorce, and the court was bound to take judicial notice of the evidence heard at the trial of the suit on its merits which pertained to the issues of alimony and suit money. This evidence was fresh in the mind of the court, fully covered the issues raised by the motion, and it would be absurd to say that the court, in order to act intelligently on the motion, was bound to hear anew evidence already lodged in his breast."

*Gross v. Gross*, 319 S.W.2d at 884 citing *Libbe v. Libbe*, 166 Mo.App. 240, 148 S.W. 460 (1912). See also *Harriman v. Harriman*, 393 S.W.2d 106 (Mo.App.1965).

■ Husband relies on *Simms v. Simms*, 253 S.W.2d 814 (Mo.1953), and *Carrow v. Carrow*, 294 S.W.2d 595 (Mo.App.1956), to support this contention. Both cases, however, are distinguishable from the facts in the present case. In *Simms v. Simms*, at the time when appellate jurisdiction was determined by the monetary amount in controversy, the Supreme Court held that it had jurisdiction to review an appeal from the underlying dissolution decree but it did not have appellate jurisdiction to review an appeal from a motion for alimony pending appeal. The court transferred the appeal from the motion pendente lite to this court. To demonstrate the independence of the two appeals, the Supreme Court stated in dicta that an application for alimony and suit money pending an appeal requires a separate hearing and in all likelihood evidence different from and in addition to that adduced upon the principle trial. However, the Supreme Court held that these matters "are of no significance as reasons for this court's refusal to assume jurisdiction of a related matter other than that they are plainly indicative of the fact that they are separate and distinct proceedings." *Simms v. Simms*, 253 S.W.2d at 816. *Simms*, therefore, speaks only to the independent nature of the two proceedings—an appeal from an underlying dissolution decree and an appeal from the granting of a motion pendente lite. *Simms* does not speak to the necessity of holding a separate evidentiary hearing for a motion pendente lite when evidence is present in the record of the dissolution decree upon which the trial court may base its pendente lite order. In *Carrow v. Carrow* the husband appealed from an order of the trial court overruling his motion to quash an execution issued on a judgment for child support. Husband also appealed from a motion granted by the trial court for wife's suit money and attorneys' fees for the conduct of her defense on the first appeal. There was no evidence presented in a hearing for determining the financial abilities of the parties. Moreover, there was no previous trial and record which dealt with the issues of the financial abilities of the parties to which the trial court could turn to support an order pendente lite. In these circumstances the court held that the order of temporary suit money and attorneys' fees must be reversed since there was no evidence to support them. Such is not the case here. The issues of maintenance was fully contested in the dissolution trial. There was abundant evidence upon which the trial court could make a finding of maintenance in the dissolution decree. Since husband did not assert a change in financial conditions after the dissolution decree was entered, the trial court here properly looked to the record of the dissolution action to find evidence to support its pendente lite order. We do not hold that a motion pendente lite

never requires an evidentiary hearing. We hold only that where a party does not assert in the trial court a change in financial conditions, a trial court need not conduct an evidentiary hearing on the issues of maintenance and attorneys' fees on appeal where those issues have recently been addressed and determined fully in the underlying dissolution decree. Where, as in *Carrow v. Carrow*, there is no previous proceeding which addressed the same issues that arise in a motion pendente lite, an evidentiary hearing must be held for the trial court to gather substantial and competent evidence upon which to base its order. Since the trial court here properly looked to the record of the dissolution action, husband's additional argument that there is no substantial evidence to support the trial court's order pendente lite is without merit.

The husband's final point on appeal is that the trial court committed reversible error and exceeded its jurisdiction by purporting to enter successive post-trial pendente lite orders because the first pendente lite order is res judicata on all issues of temporary maintenance, attorneys' fees and suit money.

 It is axiomatic in Missouri that material facts or questions which were in issue in a former action and there judicially determined are conclusively settled by a judgment rendered and such facts or questions become res judicata and may not again be litigated in a subsequent action between the same parties regardless of the form the issue may take in the subsequent action. *Jackson v. Hartford Accident and Indemnity Co.*, 484 S.W.2d 315 (Mo.1972); *Stadium Bank v. Milton*, 589 S.W.2d 338 (Mo.App.1979). On August 11, 1981 the trial court sustained wife's first pendente lite motion. The trial court awarded wife $3,000 per month in temporary maintenance pending appeal of the dissolution decree, but the trial court specifically stated that "petitioner's request for costs and attor-

neys' fees on appeal are denied." In this first pendente lite order the wife's reasonable needs for temporary maintenance, attorneys' fees and suit money pending appeal of the underlying dissolution decree were conclusively adjudicated. Absent any allegation or offer of evidence to show that the financial circumstances of the wife or the husband has changed since the first pendente lite order, the issues of maintenance and attorneys' fees as adjudicated in the first PDL are res judicata for the second and third pendente lite motions. The logic of this principle is best demonstrated by the language of the second PDL order. After previously denying the wife costs and attorneys' fees in the first PDL, the trial court in its second PDL order awarded the wife $10,000 "as and for additional attorneys' fees (since April 30, 1981)"—the date of the original dissolution decree. It is undeniable that the issue of attorneys' fees for legal work following the date of the dissolution decree was expressly denied the wife in the first pendente lite order and is res judicata on that issue. If the wife was allowed to bring successive pendente lite motions on issues already adjudicated without offering or asserting changed financial conditions, the courts would be deluged with a litany of wasteful and redundant claims having no merit. Such a condition would be intolerable to an already overloaded court system. For these reasons, we affirm the first pendente lite order on appeal here and we reverse the second and third pendente lite orders as being barred by res judicata. As an offset against wife's $3,000 per month temporary maintenance, husband should be credited for all monies paid to the wife following the date of the dissolution decree.[2]

The judgment of the trial court entered July 27, 1981 awarding maintenance to the wife of $3,000 per month pendente lite is affirmed.

---

2. Since April 30, 1981—the date of the dissolution decree—husband has continued to pay wife $1,000 per month maintenance and $255 per month for the mortgage and all real property taxes as and when due on the marital residence. These payments were made as a condition for the trial court accepting husband's supersedeas bond for an appeal of the underlying dissolution decree herein.

The judgments entered by the trial court on the second and third PDL motions are reversed.

SNYDER, P.J., and DOWD, C.J., concur.