Linda Gail ZYTNIAK,
Plaintiff-Appellant,

v.

Ronald ZYTNIAK,
Defendant-Respondent.

No. 50374.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 6, 1987.

Anthony L. Anderson, Anderson, Preuss & Bachman, Clayton, for plaintiff-appellant.

Michael C. Walther, Todt and Walther, Clayton, for defendant-respondent.

**CARL R. GAERTNER, Judge.**

The marriage of Linda and Ronald Zytniak was dissolved on August 30, 1983. Linda was granted primary custody of the only child of the marriage, and Ronald was ordered to pay $600.00 per month for maintenance and $400.00 per month for child support. On June 19, 1984, Ronald filed a motion to modify, requesting primary custody of the child. Linda responded with a cross-motion alleging that Ronald was $4,800.00 in arrears on his obligation to make monthly payments to her under the decree of dissolution. She prayed not only for an order holding Ronald in contempt for his failure to pay, but also "for the further order ... directing [Ronald] to pay to [her] the sum of $4,800.00, plus interest thereon at the rate of 1% per month (12% per annum)." Ronald's motion for transfer of custody was sustained, thereby terminating his child support obligation, and this was affirmed by this court on appeal in *Zytniak v. Zytniak,* —— S.W.2d —— (Mo. App.E.D. No. 50152, October 28, 1986). Linda's cross-motion was denied,[1] and that ruling was not contested in the prior appeal.

On June 4, 1985, Ronald filed a motion to compel Linda to acknowledge satisfaction of the judgment. A hearing was held on this motion on June 26, 1985, and the testimony adduced principally concerned a check in the sum of $3,635.40 paid to Linda by Ronald on September 8, 1983. Ronald claims this was an advance on maintenance to enable Linda to go to school, while she contends it represents a sum Ronald agreed to pay her from the sale of the marital home. At the conclusion of the testimony the court stated "the only issue before me is whether to credit him for the $3635.00 for maintenance...." On June 27, 1985, the court entered the following order: "Respondent's motion to compel acknowledgment of satisfaction of judgment heard, submitted and sustained up to and including July 30, 1985." From this order Linda appeals.

As neither party requested findings of fact, and none were made, we consider the facts to have been found in accordance with the judgment. Further, the judgment is to be upheld on any reasonable theory supported by the evidence. Rule 73.-01(a)(2); *O'Bar v. Nickels,* 698 S.W.2d 950, 955 (Mo.App.1985).

Implicit in the court order of January 28, 1985, denying Linda's earlier motion seeking a contempt citation against Ronald for failure to pay maintenance and child support and praying for an order directing him to pay alleged arrearages is a judicial determination that no monies were then due. Relitigation of the claim for arrearages prior to that date is precluded by the principle of res judicata. *See Dardick v. Dardick,* 661 S.W.2d 538, 543 (Mo. App.1983).

From the date of the January 28, 1985 judgment to July 30, 1985, six payments of $600.00 were due, a total of $3,600.00. The record shows $600.00 payments to Linda in February, March and

---

1. The court did grant relief with respect to another unrelated count of the cross-motion which concerned certain furniture of Linda's improperly retained by Ronald.

April. In addition, in June she recovered $1,201.11 by garnishment. Thus, between January 28 and June 27, 1985, the date of the order appealed from, she received a total of $3,001.11, a sum approximately equal to the amount due as of June 30, 1985. Possibly the fact that the trial court's order that Ronald had satisfied his obligation to make monthly payments up to and including July 30, rather July 31, when combined with the arithmetical calculations, can be viewed a simple mistake, typing July 30 when June 30 was intended. In any event, we find the conclusion that no payment of maintenance was due until after July 30, 1985, to be unsupported by the evidence.

Ronald argues that the trial court's order can be supported by assuming the court accepted his testimony that the $3,635.40 check paid to Linda two years earlier was an advance toward future maintenance. In effect this argument asks us to conclude the trial court accepted a portion of his testimony, to the extent of the $598.89 deficit. We refuse to attribute such a strained construction to the trial court's order. The issue over whether the check was advance maintenance or payment for an agreed division of the proceeds of the house sale was clear-cut and sharply defined: it was all one or all the other. Moreover, considering any part of the check to be an advance payment on maintenance is entirely inconsistent with Ronald's thrice repeated testimony that Linda promised to pay the money back after she finished school. We also note that he made no contention about advance payment of maintenance at the earlier hearing where Linda sought a contempt citation against him.

Accordingly, the judgment of the trial court is reversed and the cause is remanded with directions to modify the order by striking the date "July 30, 1985" and inserting in lieu thereof the date "June 30, 1985."

SMITH and SNYDER, JJ., concur.