Lisa BALDWIN, Petitioner/Appellant,

v.

Richard BALDWIN, Jr.,
Respondent/Respondent.

Nos. 67925, 67926.

Missouri Court of Appeals,
Eastern District,
Division One.

July 23, 1996.

W. Morris Taylor, William K. Meehan, W. Morris Taylor, P.C., Clayton, for appellant.

Alan C. Kohn, John A. Klobasa, Kohn, Shands, Elbert, Gianoulakis & Giljum, L.L.P., St. Louis, for respondent.

REINHARD, Presiding Judge.

Wife appeals from adverse rulings on her "Motion for Temporary Custody, Child Sup-

port, Maintenance, Attorney's Fees, Suit Money and Cost Pendente Lite" pending appeal (hereinafter PDL motion). The portion of her PDL motion dealing with temporary maintenance and child custody were dismissed as being *res judicata*. The remainder of the motion was denied after an evidentiary hearing. We affirm in part and reverse and remand in part.

A review of this case's procedural history is necessary to its resolution. Wife filed a dissolution petition on April 2, 1992. The dissolution court heard evidence on November 8, 9 and 10 of 1993, and entered a decree dissolving the marriage on February 7, 1994. The original decree stated wife was to receive $3,500 a month in maintenance. The decree's maintenance provision was amended twice without an evidentiary hearing, increasing husband's monthly maintenance obligation to $5,000 on April 14, 1994, and to $6,500 on June 1, 1994. Wife filed a notice of appeal in this court on June 10, 1994 (husband filed a cross-appeal).[1]

On June 16, 1994, wife filed the PDL motion which is the subject of this appeal. Therein she requested, *inter alia*, $20,000 per month temporary maintenance, $25,000 attorney fees, and $1,500 in suit money and costs. On June 19, 1994, husband filed a motion to dismiss wife's motion, asserting "[t]he issue of maintenance has been fully litigated and is res judicata." The motion stated that husband had not filed a supersedeas bond to stay the payment of his maintenance obligation during the pendency of the appeal, and was making all payments due on his maintenance obligation.

On January 19, 1995, after argument, the court entered an order sustaining husband's motion to dismiss "as to [wife's] request for temporary maintenance and child custody." Also on January 19, the court heard evidence on the remainder of wife's PDL motion. Wife, her attorney, and husband testified. Revised financial statements of the parties were entered into evidence. On January 24,

1995, the court entered a judgment finding against wife on the remaining issues.

■ In her first point on appeal, wife asserts the trial court erred in sustaining husband's motion to dismiss her motion for PDL maintenance pending appeal on the ground that her PDL motion was barred as *res judicata*.[2] We agree.

■ *Res judicata* principles encompass both claim preclusion, which prohibits the same parties from re-litigating the same cause of action, and issue preclusion, which forbids the same parties from re-litigating issues previously adjudicated. *Farrow v. Brown*, 873 S.W.2d 918, 920 (Mo.App. E.D. 1994). While orders on motions to allow maintenance and suit costs pendente lite are incidental and engrafted onto dissolution decrees, they are *nevertheless independent judgments that stand on their own merits and are in no way dependent upon the issues in the underlying dissolution suit. Dardick v. Dardick*, 661 S.W.2d 538, 540 (Mo.App.1983).

*Dardick* is the case on which husband primarily relies. There, we held that the resolution of a wife's motion for temporary maintenance, attorney's fees and suit money pending appeal was *res judicata* as to *successive* PDL motions absent any allegations of changed circumstances. *Dardick*, 661 S.W.2d at 540. However, this case does not involve successive PDL motions, but a PDL motion filed after entry of the dissolution decree (as amended).

The relevant issue resolved in the underlying dissolution case was husband's maintenance obligation. The relevant issue wife sought to address here was maintenance she asserted was due during the pendency of the appeal. The former was not *res judicata* as to the latter. The court's decision to the contrary deprived wife of a ruling on the merits of her PDL maintenance motion.

■ A remand for an evidentiary hearing is required. The trial court shall permit

1. This court issued an opinion on July 25, 1995 affirming the trial court's dissolution decree. See *Baldwin v. Baldwin*, 905 S.W.2d 521 (Mo. App. E.D.1995).

2. Wife's point asserts the court also dismissed her PDL motion for child support pending appeal. However, the court actually dismissed that portion seeking a PDL custody order pending the appeal. She makes no argument concerning either.

**914**

relevant evidence on the propriety of awarding wife PDL maintenance pending appeal. Additionally, the court may take judicial notice of the record (including the trial transcript) of the dissolution action.[3]

In her second point, wife asserts the trial court "abused its discretion in denying [her] request for attorney's fees and suit money pendente lite where [wife] demonstrated through her evidence that she would have to expend a portion of the marital property which had been distributed to her in order to fund her appeal...."

On appeal, the trial court's order regarding attorney's fees, suit money and costs should be affirmed unless the court abused its discretion. *See Franke v. Franke,* 747 S.W.2d 202, 204 (Mo.App.1988). A hearing on this issue was held in the trial court, and no purpose would be served by detailing the evidence here. We find no abuse of the trial court's discretion.

We reverse and remand for an evidentiary hearing on wife's motion for PDL maintenance pending appeal and a determination on the merits of that motion. We affirm the court's order denying wife's PDL motion seeking attorney's fees and suit monies pending appeal.

KAROHL and GRIMM, JJ., concur.

3. *See Wilson v. Wilson,* 822 S.W.2d 917, 925 (Mo.App.1991); *Dardick,* 661 S.W.2d at 542–43.