William E. FRANKE, Appellant,

v.

Cynthia J. FRANKE, Respondent.

No. 52560.

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 12, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 18, 1988.

Application to Transfer Denied
April 19, 1988.

---

Theodore S. Schechter, Bruce E. Friedman, Clayton, for appellant.

John A. Turcotte, Janet E. Young, St. Louis, for respondent.

GRIMM, Judge.

Husband, William E. Franke, appeals an order pendente lite, entered in his dissolution of marriage action, concerning awards of temporary maintenance and attorneys' fees; and requiring the deposit of $4,000 as additional security for costs, from which guardian ad litem fees were paid.

On appeal, husband claims that the trial court abused its discretion: (1) in awarding $4500 per month maintenance to wife because there was insufficient evidence of the needs of the wife for that amount; (2) awarding $20,640 as partial payment of attorneys' fees and $11,662.50 as suit monies on account; and (3) requiring husband to deposit $4000 to secure the fees of the guardian ad litem and then directing the clerk to pay $2861.60 to the guardian ad litem. Finding no abuse of discretion, we affirm.

Husband filed his petition for dissolution of marriage on August 15, 1986. On August 19, 1986, wife filed a motion seeking temporary custody, child support, maintenance, attorneys' fees, suit money, injunction, restraining order, and costs pendente lite. During this marriage, two children, now ages 4 and 7, were born. Following two hearings on the motions, Allen Stewart was appointed guardian ad litem for the two children on September 9, 1986. On October 21, 1986, the guardian ad litem filed a motion for deposit of additional court costs to secure guardian ad litem fees and for partial distribution. On October 22, 1986, the hearing on wife's motion and on the guardian's ad litem motion concluded and orders were entered, from which husband now appeals.

On the issue of maintenance, husband's attorney at oral argument acknowledged that husband does not dispute his ability to pay the award. Rather, husband asserts that the award of $4,500 per month was excessive and not supported by substantial evidence showing wife needed that amount.

Several well established principles control our consideration of husband's complaint. First, the determination of the amount of maintenance is a matter resting in the sound discretion of the trial court, and we review the record only to determine whether that discretion was abused. *Naeger v. Naeger*, 542 S.W.2d 344, 347 (Mo. App.E.D.1976). Second, the burden is, of course, on an appellant to demonstrate an abuse of discretion. *Id.* at 347. Third, where there is a conflict in the evidence, the trial court has the prerogative to determine the credibility of the witnesses, accepting or rejecting all, part, or none of the testimony. *Trunko v. Trunko*, 642 S.W.2d 673 (Mo.App.E.D.1982). Thus, our scope of review is narrow.

■ Wife's first amended statement of income and expenses, received in evidence,

indicated expenses of $8,463.00; she has no income. Deleting from that amount those expenses attributable to the children, since the husband agreed to be responsible for their expenses, the expenses totaled $5,143.00.

Husband, on the other hand, presented evidence based on a review of the checks written by the wife for the first 8½ months of 1986. John Shipley, husband's personal accountant, reviewed the wife's checks and prepared spread sheets. Because the expenses were for the family of four, two of whom were children, Mr. Shipley adjusted some of the expenses, reducing them by one-half, two thirds, or three-fourths. As a result of these computations, Shipley indicated that wife's expenses totaled $1,744.00 per month, excluding gifts. However, Shipley acknowledged that charge accounts paid by some other means than the household checking account were not included, nor were clothes obtained from one of the companies owned by the parties.

Here, the trial court had evidence from the wife that she needed $5,143.00 per month. Husband's accountant stated that his computations indicated she needed only $1,744.00 per month, excluding gifts and clothing obtained from a company the parties own. Under the well established principles which control our review, we find no abuse of discretion. Husband's point is denied.

■ Husband's second issue alleges that the award of attorney's fees and suit monies was an abuse of discretion, not supported by substantial evidence, and was against the weight of the evidence. We disagree. The court, under § 452.355, RSMo 1986, may from time to time, order one party to pay the other a reasonable amount for the cost of maintaining or defending any dissolution action. This statute directs the court to consider all relevant factors, including the financial resources of the parties.

At trial, wife testified that she had no assets and no income except what was provided by her husband. Husband's attorney, at oral argument, conceded that all the assets were controlled by the husband at the time of trial. Also, wife's attorney testified as to the hours he had spent, 256.4 hours, and as to his hourly rate, $100.00. Husband did not challenge the rate or the amount of time charged by wife's attorney.

A trial court is granted broad discretion in awarding attorneys' fees; only when the trial court is shown to have abused the broad discretion with which it is vested in this regard should its award be overturned. *Kieffer v. Kieffer*, 590 S.W.2d 915 (Mo.banc 1979). No such showing was made here.

■ As to the award of suit monies, wife's attorney testified that he had spent $1,662.00 to date and in his opinion he would need an additional $25,000.00 to hire the necessary experts, including accountants and appraisers, to appraise the various closely-held corporations, partnership interests, and the underlying real estate. Husband, through a wholly owned company of his, controls five subsidiary companies. He also owns two other companies, 83% of another company, 17% of an investment banking firm, and a 60 to 65% interest in three joint real estate ventures which own more than 2000 units. Wife has no income, nor assets, of her own which she can use to litigate her rights. Both parties recognize that this is a complex case which involves substantial assets.

Wide discretion is vested in the trial court in making an award of suit monies. *McFadden v. McFadden*, 477 S.W.2d 722, 725 (Mo.App.E.D.1972). Here, the court awarded $11,662.50 as suit monies on account, which was approximately $13,000.00 less than what was requested. Considering husband's vast holdings and the intricacies of determining their value, we cannot say that the trial court abused its discretion in its award. Husband's second point is denied.

■ Husband's final allegation of error concerns the trial court's order that he deposit $4,000.00 to help secure the fees of the guardian ad litem, and the direction of the court to the clerk to partially disburse $2,861.60 to the guardian ad litem for services rendered.

As to the issue of husband's $4,000.00 deposit, husband's attorney at oral argument was asked what his client's net worth was. He responded that on the high side he was worth a negative several million dollars and that on the low side he was worth a substantially more negative figure. Rule 77.02 provides that a "court may require a party to furnish adequate security for anticipated costs." We find no abuse of discretion by the trial court in requiring husband to make this deposit.

■ As to the partial disbursement of funds for the guardian ad litem, § 452.490(4), RSMo 1986, states that the trial court "shall allow a reasonable fee to the guardian ad litem to be taxed as costs in the proceeding." We recognize that "costs" are ordinarily taxed at the termination of legal proceedings. *State ex rel. Eagleton v. Cameron*, 384 S.W.2d 627, 631 (Mo.Div. 2 1964).

Here we are not faced with a taxing of costs. Rather, the trial court ordered husband to deposit $4,000.00 and wife $1,000.00 as security for costs. From the combined total of $5,000.00, the court ordered $2,861.60 paid to the guardian ad litem for past services rendered. We do not view this disbursement as a taxing of costs. The costs have not been "taxed" to husband. At the conclusion of all the proceedings in this dissolution case, the costs will be taxed. The court, at that time, may assess them to husband, or to wife.

In substantial litigation, in order to give practical meaning to § 452.490(4), RSMo 1986, the guardian ad litem needs to be paid regularly as the case proceeds. We do not find that the court abused its discretion in ordering the disbursement to the guardian ad litem. Husband's third point is denied.

The judgment is affirmed.