**Linda Rae HERMELIN, Respondent,**

v.

**Marc Samuel HERMELIN, Appellant.**

No. 54569.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 17, 1989.

Motion for Rehearing and/or Transfer/to
Supreme Court Denied
March 8, 1989.

Application to Transfer Denied
April 18, 1989.

Douglas Ryder Beach, Mark D. Mittleman, Clayton, for appellant.

Theodore S. Schechter, Jeffrey S. Schechter, Bruce Elliot Friedman, Clayton, for respondent.

GARY M. GAERTNER, Judge.

This appeal arises from the dissolution proceeding between Linda Hermelin (wife) and Marc Hermelin (husband) pending in the St. Louis County Circuit Court. The trial court's order pendente lite awarded temporary custody of the parties' fourteen year old son to wife. The order further required husband to pay wife child support and maintenance, and pay wife's attorney's fees and court costs on account. On appeal husband claims that the trial court erred in (1) granting wife's motion for temporary custody after refusing to hold a hearing on the matter; (2) awarding child support and maintenance which were unsupported by the record; and (3) failing to allocate any portion of wife's costs and attorney's fees to wife. We affirm in part and reverse in part.[1]

On June 19, 1987, wife filed her petition for dissolution of marriage. The Hermelins had been married for nearly twenty-two years. Three children were born of the marriage; David, born August 23, 1966; Michael, born July 17, 1967; and Joshua, born March 1, 1973. At the time wife filed her petition, David and Michael had been attending college and Joshua was beginning high school.

On October 19, 1987, wife filed a motion for temporary custody of Joshua, for child support and maintenance pendente lite, attorney's fees and costs on account. On January 25, 1988, the trial court held a hearing on wife's motion. At the beginning of the hearing husband's attorney stated that he wished to present evidence regarding the temporary custody of Joshua. The court denied the request and stated that it would not try the custody issue at that time but would instead handle the custody matter at the dissolution proceeding. Husband's attorney then made an offer of proof which stated that husband and the parties' three sons would have testified regarding the sons' relationships with their father and his positive influence on their lives. Joshua would have also testified that he desired to have his father influence

---

**1.** Wife's motion for damages for frivolous ap-    peal is denied.

his life in the same manner as his brothers had been influenced by their father.

The trial court's pendente lite order granted wife primary custody of Joshua pending the outcome of the dissolution. The order further provided that husband would continue to have liberal temporary custody and visitation and participate regarding issues as to education, religion, and medical needs. Wife was awarded $4,500 per month maintenance and $1,000 child support for Joshua. Husband was ordered to pay the first and second mortgages, taxes, and insurance on the marital home. The court also ordered husband to maintain health and medical insurance for wife and the children. The order further required husband to pay the college expenses of Michael. Husband also has to pay $25,000 as and for wife's attorney's fees on account and establish an escrow account in the amount of $15,000 for costs.

■ In his first point husband argues that the trial court erred in ordering temporary custody after stating it would not try the issue at that time and refusing to receive evidence on the matter. Section 452.-380.1 provides:

A party to a custody proceeding may move for a temporary custody order. The motion must be supported by an affidavit. The court may award temporary custody *after a hearing or, if there is no objection, solely on the basis of the affidavits.*

RSMo § 452.380.1 (1986) (emphasis added). Thus the statute requires the court to hold a hearing prior to awarding custody if there is an objection. Clearly husband was objecting to awarding custody without a hearing by stating his desire to present evidence and making an offer of proof. Therefore the trial court erred in awarding wife temporary custody without a hearing where husband objected to the trial court awarding custody solely on the basis of affidavits. RSMo § 452.380.1 (1986). *See also* Ferriss, *Temporary Orders*, 29 J.Mo. B. 504, 506 (1973). The trial court's temporary custody award is vacated. Wife will retain custody of Joshua, however, pursuant to RSMo § 452.310.4 (1986) because wife had custody of Joshua at the time she filed her petition.

■ In his second point husband challenges the trial court's award of child support and maintenance. Husband argues that the awards were grossly in excess of wife's reasonable needs and husband's ability to pay. Husband asserts that the awards were unjustified in view of wife's ability to work and substantial assets. We initially note several well-established principles. Awarding temporary maintenance and child support are matters resting within the discretion of the trial court, and we will only reverse for an abuse of that discretion. *Franke v. Franke*, 747 S.W.2d 202, 203 (Mo.App., E.D.1988); *In re Marriage of Newman*, 601 S.W.2d 632, 633 (Mo.App., S.D.1980). The trial court assessed the credibility of witnesses and thus, where conflicts in the evidence exist, the trial court may accept or reject all, part or none of a witness' testimony. *Franke*, 747 S.W.2d at 203.

The evidence revealed that husband is the chief executive officer of a pharmaceutical company. His net monthly income exceeds $22,000. Husband listed substantial assets on his statement of property and is the beneficiary of two trusts and the grantor of another, revocable trust. Wife is a college graduate and certified to teach in the state of Missouri, but has never made use of this certification. During the twenty-two years of the marriage wife did not work outside the home other than teaching aerobics and fitness classes at husband's company three hours a week for several years. Wife spent substantial amounts of time engaging in volunteer work and participating in an internship program at the Women's Self-help Center in pursuit of her masters in counseling. Wife testified that she has been unable to complete her masters because of her deteriorating financial situation since the parties' separation. Wife listed more than $6,500 for individual expenses and $808 in expenses for the child in her custody on her income and expense statement. The trial court had competent, substantial evidence before it regarding wife's reasonable needs and ability to contribute, husband's ability to pay, the child's reasonable needs, and the standard of living established during the marriage.

Husband asserts that the trial court's order requires him to meet obligations in excess of his monthly net income. Husband further asserts that the order jeopardizes marital assets. Conflicting evidence was received, however, regarding several of these obligations. There was evidence presented that showed husband's net income actually exceeded his obligations and expenses. Conflicts in the evidence are to be resolved by the trial court. *Trunko v. Trunko,* 642 S.W.2d 673, 674–75 (Mo.App., E.D.1982). The evidence on the record supports our conclusion that the trial court's pendente lite order will maintain the status quo. *Mackey v. Mackey & Assoc., Inc.,* 677 S.W.2d 349, 351 (Mo.App., E.D.1984). This point is denied.

In his final point, husband asserts that trial court's award of attorney's fees and costs was unsupported by the evidence. The trial court awarded $25,000 in attorney's fees and $15,000 in costs. Again, the trial court has broad discretion in awarding attorney's fees and costs. We will only reverse for an abuse of discretion. *Franke,* 747 S.W.2d at 204. Clearly the evidence showed that husband was in the better financial position to bear the costs of this litigation. Wife had no income and limited assets. Husband's gross annual income exceeds $500,000 and husband has substantial assets at his disposal. Wife's attorney testified that his office had spent 208 hours on the case and charged several rates from $50 to $160 per hour. Wife's attorney anticipated a large amount of costs would be incurred due to the complexity of the litigation. The record before us reveals no abuse of discretion by the trial court.

The trial court's order as to custody is vacated. The order is affirmed as to maintenance, child support, attorney's fees and costs.

GRIMM, P.J., and KAROHL, J., concur.