**Gail Aylward MUEGLER, Petitioner–Respondent,**

v.

**Arthur G. MUEGLER, Jr., Respondent–Appellant.**

**No. 55976.**

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 13, 1990.

---

**840**

Frank J. Niesen, Jr., St. Louis, for respondent-appellant.

Justin C. Cordonnier, Thomas B. Weaver, Armstrong, Teasdale, Schlafly, Davis & Dicus, St. Louis, for petitioner-respondent.

SMITH, Judge.

Appellant father appeals from an order of the trial court. We conclude we have no jurisdiction and dismiss the appeal.

The marriage of the parties was dissolved in August, 1986. The dissolution was based upon a stipulation and property settlement agreement. The provisions for custody, support and visitation of the two minor children were found to be in the best interests of the children. The minor children, Stacia and Kara, were respectively 20 and 14 at the time of the decree. Custody of both daughters was placed in the wife. The visitation and temporary custody provision of the stipulation concerning Kara provided: "Husband shall have temporary custody and reasonable visitation privileges with Kara each week if, and only if, agreeable to Kara ..." In the stipulation husband agreed to pay real estate taxes on the family home, school tuition for Kara and certain designated bills incurred during the marriage.

In September 1988, father filed a motion to modify the custody provisions as to Kara. He sought at the same time an order for temporary custody and visitation privileges pendente lite. The trial court denied the relief sought but ordered Kara and father to see a counselor and report back in six months with a progress report. We can only interpret the court's order as interlocutory in nature leaving open for later determination the questions of custody and visitation.[1] In *Raines v. Raines*,

---

1. We do not hold nor imply that pendente lite motions for temporary custody and visitation are proper during the pendency of a motion to modify previously adjudicated custody. Sec. 452.380 RSMo.1986, provides that a "party to a custody proceeding may move for a temporary custody order." The usual province of a pendente lite proceeding in a dissolution action is to adjudicate custody on a temporary basis pending final adjudication because no judicial determination of proper custody has been made. See Sec. 452.310.3 RSMo.1986. Here we have a decree establishing custody entered in the dissolution action. The proper challenge to that decree is a motion to modify. Ordinarily the use of a pendente lite motion to establish temporary visitation and custody during a modification proceeding does not promote judicial efficiency nor resolve an undetermined custody of the child.

590 S.W.2d 117 (Mo.App.1979) [1] the court held that a temporary child custody order executed prior to ruling on the motion to modify the permanent custody provisions of a divorce decree lacks sufficient finality to support appellate review. Finding the order appealed from interlocutory, both factually and legally, it does not furnish a basis for appeal.

■ Mother filed a motion to find father in contempt for failure to meet his obligations under the dissolution decree. The court found the father had not made certain payments required and was "in indirect civil contempt." The court further found, however, that there was no evidence to show that father can presently pay any of the amounts ordered and "therefore, the Court sees no purpose in imposing any punishment upon [father] since he cannot purge himself from said punishment at this time." These two findings were based upon the Court's further finding that father had previously had available funds to meet the obligations but "knowingly and contumaciously placed himself in a position to claim an inability to pay the obligations ..." The court's order ordered father to make the payments. Father appeals from the court's finding of contempt.

■ A civil contempt order is not a final judgment until the order is enforced. *City of Florissant v. Lee*, 714 S.W.2d 871 (Mo. App.1986) [4,5]; *Foss v. Cunetto*, 720 S.W.2d 388 (Mo.App.1986) [1]. This order does not provide for any enforcement or punishment of the contempt found. The finding of contempt is not final and so not appealable.

■ The court awarded mother $6,000 attorney's fee "on account." Father appeals from that award. In *State ex rel Carlson v. Aubuchon*, 669 S.W.2d 294 (Mo. App.1984) [2,3] the court held that attorney's fees pendente lite are considered final for purposes of appeal. However, where such awards are "on account", they are based upon estimated or anticipated legal work required. "In such a case the award is not a final determination of the amount earned at any particular time because of the prospect that more or less work will

ultimately be required." Further we have already held that the order requesting temporary custody and visitation pendente lite is interlocutory and still pending before the court. The award of attorney's fees "on account" is part of that interlocutory order.

Mother seeks damages for a frivolous appeal. We lack jurisdiction of the appeal and in the absence of jurisdiction over the appeal we have no jurisdiction to award the damages sought. *State ex rel McMullin v. Satz*, 759 S.W.2d 839 (Mo.banc 1988).

Appeal dismissed.

SATZ, P.J., and GRIMM, J., concur.