**Clarita P. GUILLEN, Petitioner/Respondent,**

v.

**Rodolfo T. GUILLEN, Respondent/Appellant.**

**No. 59772.**

Missouri Court of Appeals, Eastern District, Division One.

Dec. 24, 1991.

Dinnis Jay Curland, Chesterfield, for respondent/appellant.

Evelyn Mehler, Clifford Goetz, St. Louis, for petitioner/respondent.

REINHARD, Presiding Judge.

Husband appeals from a trial court order in a dissolution action concerning wife's

motion for a temporary allowance and attorney fees and costs on account. The court denied the request for a temporary allowance but ordered husband to pay $2500 for wife's attorney fees and $500 for costs on account. We affirm.

Husband and wife were married on October 17, 1987. It was her first marriage and his second. His first wife had died. Present wife moved in and lived with husband for several months prior to the wedding. Husband had three grown children from his previous marriage. He and his children had inherited the home from his previous wife.

In November 1990, wife filed a petition for dissolution. Husband's answer alleged the execution of an antenuptial agreement. Wife filed a motion pendente lite seeking a $5000 per month temporary allowance and $5000 in attorney fees and $3000 in costs on account. Husband alleged the antenuptial agreement waived temporary as well as permanent maintenance.

After a hearing on the motion for a temporary allowance, the trial court found wife's income more than sufficient for her support and denied the allowance. However, it awarded her $2500 on account for attorney fees and $500 on account for costs. The court also determined the antenuptial agreement to be unenforceable.

At the hearing, wife testified as to the current amount she owed her attorneys, her attorneys' hourly rate, and that she had insufficient funds to pay her attorneys. Wife also testified as to her approximate annual earnings, which were $33,000 from her job with the Veterans Administration and $3,000 from the Air Force Reserves. In addition, she testified as to the balances of her bank accounts and investments.

Husband is an emergency room physician. He testified his gross earnings in 1988 were approximately $63,000 or $64,-000 and that his earnings were less in 1989 and 1990. He estimated his income tax liability at $35,000 for 1990, $17,000 for 1989 and between $12,000 and $17,000 for 1988. Husband testified extensively regarding his expenses.

We must affirm the decision of the trial court unless it is unsupported by substantial evidence, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ On appeal, husband challenges the award of attorney fees and costs on account. Husband contends the trial court erred because there was no evidence as to the amount of work performed or expected to be performed by wife's attorneys and no evidence as to what the monies for costs was to be spent on.

The court is empowered under § 452.355, RSMo 1986 (Supp.1990) to order one party in a dissolution action to pay the other a reasonable amount for the cost of maintaining or defending the action. This statute directs the court to consider all relevant factors, including the financial resources of the parties. Proof such as husband demands is not necessary:

> ... the wife was not required to present evidence of the reasonable value of attorney's fees, even though it may have been the better practice to do so. The "courts are themselves experts on the question of attorney's fees and the judge who personally tries a case and is acquainted with all the issues involved is in a position to fix the amount of attorney's fees without the aid of evidence."

*Green v. Green*, 623 S.W.2d 265, 268 (Mo. App.1981), *quoting Jafarian–Kerman v. Jafarian–Kerman*, 424 S.W.2d 333, 340 (Mo.App.1967).

■ Though the trial court may make such an award without evidence of reasonable value, wife here did, in fact, present evidence concerning her attorneys' hourly fees and the total fees to date. The trial court was free to consider this evidence, evidence of the parties' financial resources, its own expertise regarding legal costs and any other relevant information. We cannot say the trial court abused its discretion and we defer to its determination.

■ Husband also challenges the court's preliminary ruling on the validity of the

antenuptial agreement.[1] Because the trial court had already resolved the issue of the temporary allowance in husband's favor on other grounds, its order rendered this issue moot at this stage of the proceedings.[2] His appeal of the issue is directed to its impact on the court's final adjudication of rights which has not yet taken place. This issue may be fully debated at the dissolution hearing and, if necessary, the court's decree may be subsequently appealed.

Judgment affirmed.

GARY M. GAERTNER and CRANE, JJ., concur.

---

1. There was no claim that husband failed to fully disclose his assets and income. Wife's principal claim was that the agreement was prepared by husband's attorney and was shown to her for the first time on the date it was signed which was two days before the marriage.

2. The trial court recognized in its order that its ruling on this issue was moot.