In re the MARRIAGE OF Kim
E. GARDNER and Claire
Gardner

Kim E. Gardner, Petitioner/Appellant,

v.

Claire Gardner,
Respondent/Respondent.

Nos. ED 94126, ED 94164.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 14, 2010.

Susan K. Roach, Chris D. Elster, W. Edwin Roussin, The Roach Law Firm, Clayton, MO, for appellant.

Susan M. Hais, J. Robert Dennis, Hais, Hais, Goldberger & Coyne, P.C., Clayton, MO, for respondent.

KATHIANNE KNAUP CRANE, Judge.

Husband appeals from that part of the trial court's judgment *pendente lite* awarding wife attorney's fees and litigation costs on account in a dissolution case. We affirm.

Husband, Kim E. Gardner, and wife, Claire Gardner, were married on May 18, 1991. The parties separated on October 15, 2007. On April 6, 2009, husband filed a Petition for Dissolution of Marriage, and on June 16, 2009, wife filed a cross-petition and a motion entitled "Motion and Affidavit for Maintenance, Child Support, Child Custody, Attorney's Fees, Restraining Order, Suit Money, and Other Orders *Pendente Lite*" (PDL motion). In her PDL motion, wife alleged, with respect to attorney's fees and litigation costs, that she was without adequate assets to support herself during the pendency of the lawsuit, that husband was employed, and that he had a substantial income that enabled him to pay on account the attorney's fees, litigation costs, and other expenses of the dissolution proceeding. Wife requested an order requiring husband to pay wife's attorney's fees and litigation costs on account.

On November 24, 2009, the court held a lengthy evidentiary hearing on wife's PDL motion. Wife testified on her behalf and called husband to testify. As relevant to this appeal, wife adduced evidence on the parties' incomes, husband's assets, and husband's sale of real estate and the proceeds therefrom. We summarize this evidence as follows.

*Income:* At the time of separation, husband owned a consulting company and earned an average of $14,999 per month as a consultant for Ameren UE. In June 2009 husband gave up consulting and became an employee. As a result, his monthly income was reduced to $8,500 per month. Wife earned $300 per week.

*Assets:* Husband had an interest in eight limited liability companies (LLCs), which he valued at $2,795,625 in his April 9, 2009 Statement of Property; real estate; and personal property. Husband and his LLCs had an interest in ten bank accounts. Husband also had a Merrill Lynch 401(k) account with a value of $169,492, which funds were acquired during the marriage, and three IRAs. On October 13, 2009, husband filed a second Statement of Property. It showed that three of his LLCs had no present value, although on his April 9, 2009 Statement of Property he had assigned the same three LLCs a combined present value of over $57,000.

*Real Estate Sale and Proceeds:* In November and December of 2008, husband sold some of the real estate. Husband received $456,000 net from the sale of one property and $400,000 from the sale of another property, and deposited these amounts. Husband's October 13, 2009 Statement of Property showed no cash on hand. Husband admitted that he spent $400,000 in a six-month time period from one bank account and spent another $400,000 from other bank accounts. However, at the PDL hearing, husband could not document where the money went. Husband testified he was paying bills and paying down debt, but did not have those checks or information about the amounts.

At the hearing, wife testified that she was requesting money to pay her attorney's fees, to hire someone to appraise the real estate, and to hire a certified public accountant (CPA) to value the assets owned by the LLCs and to trace the funds in the bank accounts. Wife's attorney explained that a CPA was needed because husband had received and disposed of $800,000 in a very short period of time and husband could not account for where the money had gone. Wife's attorney also explained that she needed an appraisal of the properties.

Several times during the hearing, the court expressed frustration with husband's failure to have accounted for his spending, or to have computed any debt on the real estate sold, and it suggested that husband provide this information at the hearing. The court advised the parties:

> [T]his case is big enough that I think it needs an expert. Unfortunately, experts are very expensive. I don't know—I guess a forensic guy will give you some help in tracing it, but that's going to be huge.

During the hearing, the court estimated that the expert witness fees to track the money would be $40,000 to $60,000, and the court later indicated that it was going to order husband pay $20,000 to wife for her share of the expert witness fees. The court also estimated that another $40,000 would be required for the two parties' attorney's fees and indicated it would order husband to pay wife $20,000 for her fees. Neither party commented on the trial court's fee estimates.

At the conclusion of the hearing, the trial court entered an order reciting that the PDL had been heard and submitted, and it gave the parties a week to provide the court with a plan for obtaining $40,000 as and for attorney's fees and expert witness fees. On December 2, 2009, the trial court entered an order and judgment ordering husband to pay $40,000 for wife's attorney's fees and expert witness costs PDL on or before December 9, 2009. Husband filed a motion for relief from the court's order and to reopen the record for additional evidence, which the trial court denied. Husband did not pay the sum by December 9, 2009, and as a result, on December 14, 2009, the trial court entered an order and judgment ordering husband to liquidate a sufficient portion of the Merrill Lynch 401(k) account as necessary to pay the $40,000. It provided that the amount shall be considered "$20,000 on account for legal fees" and that the remainder was for expert fees and costs for which wife "s hall account to this Court at the end of these proceedings."

On January 8, 2010, the trial court entered findings of fact, conclusions of law, and a pending dissolution disposing of all of the remaining issues and incorporating its previous orders regarding expert fees and attorney's fees on account. In this judgment, the trial court made a finding of fact that wife had shown that husband had a large cash flow, but that husband had not responded to the court's "urgings" that

he provide backup information to confirm his expenses in these transactions at the time of the PDL. In its conclusions of law, the court recited:

> 8. Among the factors to be considered in awarding attorney fees is the extent to which the other party's conduct required expenses of attorney fees or unreasonably engendered increased litigation. *Gendron v. Gendron*, 996 S.W.2d 668 (Mo.App. W.D.1999).

## DISCUSSION

### I. *Premature Notices of Appeal*

■ Before we address the merits of this appeal, we need to address husband's two premature notices of appeal and identify the judgment from which this appeal is taken. On December 10, 2009, husband filed a notice of appeal from the November 24 and December 2 orders. Thereafter, on December 14, 2009, the trial court issued a third order on attorney's fees and costs, and husband filed a notice of appeal from this order on December 16, 2009. The trial court did not enter a judgment disposing of all the issues raised in the PDL motion until January 8, 2010. Husband did not file a new notice of appeal from this judgment. Because the notices of appeals were filed before the January 8 judgment became final, they were premature. Accordingly, the trial court retained jurisdiction over the case to make its subsequent orders and enter a judgment, and we consider the appeal to be from the January 8 judgment and to have been filed after the January 8 judgment became final. Rule 81.05(b); *Williams v. Williams*, 41 S.W.3d 877, 878 (Mo. banc 2001); *Coleman v. Coleman*, 187 S.W.3d 331, 333 (Mo. App.2006); *see also Reynolds v. Reynolds*, 109 S.W.3d 258, 269 (Mo.App.2003).

### II. *Attorney's Fees and Costs on Account*

For his sole point on appeal, husband contends that the trial court erred in awarding attorney's fees and expert witness costs to wife because the court did not hear evidence of the work needed to be done by the attorneys or experts and there was no evidence to establish the nature and extent of the charges to be expended.

■ Section 452.355.1 RSMo (2000) authorizes a trial court "from time to time after considering all relevant factors including the financial resources of both parties" to order a party in a dissolution action to pay a reasonable amount of the other party's attorney's fees and costs in defending or maintaining the action. A court may award attorney's fees and litigation costs on account in a PDL action. *See, e.g., Guillen v. Guillen*, 820 S.W.2d 732, 733 (Mo.App.1991); *Tzinberg v. Tzinberg*, 631 S.W.2d 681, 683 (Mo.App.1982).

■ We review PDL orders under the *Murphy v. Carron*[1] standard. *Laubinger v. Laubinger*, 5 S.W.3d 166, 171 (Mo.App.1999); *Fox v. Fox*, 866 S.W.2d 501, 503 (Mo.App.1993). Accordingly, we will uphold the PDL judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Fox*, 866 S.W.2d at 503 (citing *Murphy*, 536 S.W.2d at 32). We review the award of attorney's fees in a PDL action for abuse of discretion. *Baldwin v. Baldwin*, 926 S.W.2d 912, 914 (Mo.App.1996); *Hermelin v. Hermelin*, 766 S.W.2d 670, 673 (Mo.App.1989); *Tzinberg*, 631 S.W.2d at 683.

■ However, "[t]he court's discretion in awarding temporary maintenance and attorney's fees pendente lite is broader than at the dissolution hearing." *Fox*,

1. 536 S.W.2d 30, 32 (Mo. banc 1976).

866 S.W.2d at 503; *see also Laubinger*, 5 S.W.3d at 171; *Camden v. Camden*, 844 S.W.2d 75, 78 (Mo.App.1992). " 'A reviewing court is extremely cautious about altering judgments regarding such allowances because they are temporary and their effects do not extend beyond the final hearing of the case.' " *Fox*, 866 S.W.2d at 503 (quoting *Cross v. Cross*, 790 S.W.2d 928, 929 (Mo.App.1990)).

An award of fees "on account" is based upon the estimated or anticipated legal work required in a case. *Muegler v. Muegler*, 784 S.W.2d 839, 841 (Mo.App. 1990); *State ex rel. Carlson v. Aubuchon*, 669 S.W.2d 294, 297 (Mo.App.1984). The award is not a final determination of the amount earned because there is always the possibility that more or less work will be needed on a case. *Muegler*, 784 S.W.2d at 841. An award on account contemplates the possibility of a further allowance, either as the lawsuit progresses or after a trial on the merit s, when the trial court "would be more fully informed of the nature and extent of the legal services rendered [to the party], and in a better position to judge the reasonable value of such services." *Gross v. Gross*, 319 S.W.2d 880, 884 (Mo.App.1959).

Because of the nature of an award on account, and because of the substantial deference we give to temporary awards, we do not require that these awards be supported by the same level of evidence as awards of attorney's fees and costs in a final judgment. *See Guillen*, 820 S.W.2d at 733; *Hermelin*, 766 S.W.2d at 673; *see also Laubinger*, 5 S.W.3d at 182.

Although a court is free to consider evidence of a spouse's attorney's hourly fees, a trial court may make a PDL award of attorney's fees and costs on account to a spouse without hearing evidence on the amount of work performed or expected to be performed by the attorneys or on what the monies for costs would be spent. *Guillen*, 820 S.W.2d at 733. This evidence is not required because courts are considered experts on the question of attorney's fees, and the judge who tries a case and is acquainted with the issues can fix the amount of attorney's fees without the aid of evidence. *Id.* at 733.

To support a PDL award of fees and costs on account, a trial court may consider "evidence of the parties' financial resources, its own expertise regarding legal costs[,] and any other relevant information." *Id.*; *see also Laubinger*, 5 S.W.3d at 182 (holding that the spouse's request for $5,000 in attorney's fees and $2,500 for an appraisal, combined with the fact that the parties presented substantial evidence of their respective incomes and expenses, was sufficient evidence to support the trial court's exercise of discretion to determine the spouse's ability to pay and need for attorney's fees and costs PDL). Other relevant information the court may consider includes the parties' anticipation that "a large amount of costs would be incurred due to the complexity of the litigation." *Hermelin*, 766 S.W.2d at 673 (holding that the trial court did not abuse its discretion in awarding wife $25,000 in attorney's fees and $15,000 in costs in its PDL order).

In this case, there was substantial evidence of the parties' incomes and expenses. The court found that husband historically had a more significant annual income than at the time of the hearing and that wife's reasonable monthly expenses exceeded her income. There also was substantial evidence that husband controlled significant assets and that husband had received a large amount of cash from the sale of some assets, but at the hearing he could not account for the cash or identify any indebtedness that offset his receipts.

Wife argued that an expert would be required to trace these funds, and the court agreed. Although wife did not adduce evidence of what an attorney or expert would charge, at the hearing the trial court estimated an expert would cost in the range of $40,000 to $60,000 and that the parties would each expend about another $20,000 each in attorney's fees. Neither party disagreed with the trial court's estimates.

The record demonstrated the amount and nature of the assets under husband's control and the complexity of resolving the financial and other remaining issues. As a result, this was a situation in which the trial court was well-acquainted with the issues to be resolved. Accordingly, we defer to the trial court's expertise on estimating the amount of fees and costs required to litigate the issues in this case. Additional evidence of the work required or the nature and extent of the charges was not required. The trial court did not abuse its discretion in awarding $20,000 to wife as attorney's fees on account and $20,000 for expert witness costs, for which she would be required to account to the court.

*Conclusion*

The judgment of the trial court is affirmed.

GLENN A. NORTON, P.J. and GEORGE W. DRAPER III, J., concur.