

# In the Missouri Court of Appeals
# Eastern District

### DIVISION ONE

| | | |
|---|---|---|
| AUDREY JANE GRIFFITH, | ) | No. ED106363 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | |
| | ) | Honorable John N. Borbonus |
| ROBERT DANIEL GRIFFITH, | ) | |
| | ) | |
| Appellant. | ) | FILED: January 29, 2019 |

Robert Griffith ("Appellant") appeals from the court order awarding Audrey Griffith ("Respondent") temporary maintenance in the amount of $8,000 per month, commencing December 1, 2017. Respondent filed her Petition for Dissolution of Marriage along with her Motion for Temporary Maintenance, Attorney's Fees, and Costs Pendente Lite and Affidavit in Support on August 2, 2017, and the Circuit Court of St. Louis County entered its order on November 16, 2017. We affirm in part and reverse and remand in part.

## I. Background

Appellant and Respondent married in 2006, a few years after Appellant started his residential construction company R.D. Griffith Company d/b/a Kirkwood Webster Construction ("the Company"), a single member limited liability company. Prior to the marriage, Respondent was Appellant's secretary, but after their marriage she began doing design work for the Company. Respondent had two children from a prior marriage, a son ("Son") and a daughter ("Daughter"), but there were no children born of the parties' marriage.

Starting in 2012, and continuing through the beginning of 2016, the parties maintained a primary residence in St. Louis County and a second home in Burbank, California. The parties acquired the California residence to help Respondent's son pursue his interest in acting. As Respondent testified "[Son] . . . was successful here. And we wanted to take it to the next level. . . ." Then, in 2015, Daughter moved to California to pursue a career in modeling. Respondent testified that she continued working for the Company while in California. Throughout the time the parties maintained the two residences, Appellant covered all costs necessary for Respondent and her children to live in California as well as to commute between there and Missouri.

In 2016, the parties sold the California residence, and Respondent moved back to Missouri after Appellant told her that he could no longer afford to maintain the two residences and provide for her expenses in California. On August 2, 2017, Respondent filed her Petition for Dissolution of Marriage along with her motion for an Award of Temporary Maintenance and an Award of Attorney's Fees and Court Costs Pendente Lite. Respondent's original motion requested $15,000 per month in temporary maintenance, and her amended motion reduced that sum to $12,600 per month. Both parties filed Statements of Income and Expenses, with Respondent claiming monthly expenses of $9,389.23 and Appellant claiming monthly expenses of $11,536.49. Respondent's employment at the Company ended when she filed her petition for dissolution.

After filing for dissolution, Respondent moved back to Burbank so that Daughter could continue her modeling career. Son remained with Appellant. Respondent returned for the hearing on her motion on November 15, 2017, where she testified to total expenses in excess of $42,000 since moving back to California, including a damage deposit of $5,800, two months' rent in the amount of $4,800, attorney's fees in the amount of $15,000, and a mover's charge of more than $6,000. Appellant testified to his monthly expenses of more than $11,000. On

2

November 16, 2017, the trial court issued its judgment ordering Appellant to pay temporary maintenance in the amount of $8,000 per month to Respondent, commencing December 1, 2017. Neither party requested findings of fact, and the court made no explicit findings. Appellant then filed a motion for a new trial, which the court denied, leading to this appeal.

## II. Discussion

Appellant asserts two points on appeal, arguing it was an abuse of discretion for the trial court to award Respondent $8,000 per month in temporary maintenance. Both points allege the trial court's award was not supported by substantial evidence and was a result of a misapplication of law. First, Appellant argues the trial court erred in ordering him to pay Respondent this sum because she did not establish that her reasonable needs exceed her ability to earn income by that amount of maintenance, but instead sought an amount that approximated what she considered to be her standard of living in California, by scant evidence, without consideration of her ability to earn income, as demonstrated by her last two years of tax returns totaling more than $50,000 in income.

Second, Appellant argues the trial court erred in ordering him to pay Respondent $8,000 per month in temporary maintenance because, with monthly income slightly in excess of $8,000, he does not have the ability to pay that amount of maintenance to Respondent and meet his reasonable needs of more than $11,000 dollars per month, including $2,000 in credit card payments.

A. Standard of Review

We review a trial court's order of temporary maintenance for an abuse of discretion and will reverse if the award is against the weight of the evidence, the court erroneously declares the law, or the court erroneously applies the law. Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976). The court has broader discretion when awarding temporary maintenance than at the

3

dissolution hearing, and appellate courts are "extremely cautious about altering judgments regarding such allowances because they are temporary and their effects do not extend beyond the final hearing of the case." In re Marriage of Gardner, 320 S.W.3d 230, 235 (Mo. App. E.D. 2010). We presume the court considered all the evidence, and we view the evidence "in the light most favorable to the trial court's judgment." Workman v. Workman, 293 S.W.3d 89, 98 (Mo. App. E.D. 2009). However, awards of maintenance must be made with a "reasonable tolerance of proof," and an appellate court may disturb an award where it is "patently unwarranted or is wholly beyond the means of the spouse ordered to pay." Ethridge v. Ethridge, 239 S.W.3d 676, 683 (Mo. App. E.D. 2007); In re Marriage of Buchholz, 139 S.W.3d 607, 608 (Mo. App. E.D. 2004). The party challenging the maintenance award bears the burden of showing such an award was an abuse of discretion. In re Marriage of Neu, 167 S.W.3d 791, 795 (Mo. App. E.D. 2005).

Where, as in this case, the trial court made no specific findings of fact and neither party requested such findings, we interpret the court's findings on factual issues as having been found in accordance with the trial court's judgment. Ivie v. Smith, 439 S.W.3d 189, 200 (Mo. banc 2014); Rule 73.01(c).[1]

B. Analysis

Point 1: Respondent's Need for Temporary Maintenance

Appellant asserts in his first point that the trial court abused its discretion in awarding Respondent $8,000 per month in temporary maintenance because she has not shown a need for that amount. Appellant argues Respondent instead sought an amount that approximated what she considered to be her standard of living in California, by scant evidence, without consideration of her ability to earn income, as demonstrated by her last two years of tax returns totaling more than $50,000 in income. We disagree, and Affirm as to Appellant's first point.

---

[1] All further references to Rules are to Missouri Supreme Court Rules (2017).

Section 452.335.1 RSMo.[2] states "[i]n a proceeding for . . . maintenance . . . the court may grant a maintenance order to either spouse, but only if it finds that the spouse seeking maintenance: (1) [l]acks sufficient property . . . to provide for his reasonable needs; and (2) [i]s unable to support himself through appropriate employment. . . ." Section 452.335.1(1)-(2). Thus, a party seeking maintenance must show need, and it is an abuse of the court's discretion to award maintenance to a spouse who has not shown that requisite need. Roberts v. Roberts, 810 S.W.2d 65, 66 (Mo. App. W.D. 1990). Additionally, "in a proceeding for dissolution of marriage . . . either party may move for temporary maintenance," and such a motion "shall be accompanied by an affidavit setting forth the factual basis for the motion and the amounts requested." Section 452.315.1. The factors to be considered in awarding temporary maintenance are the same as those to be considered in making a permanent award. Cunningham v. Cunningham, 673 S.W.2d 478, 480 (Mo. App. E.D. 1984); see also Section 452.335.2(4) (one of the factors to be considered is the standard of living established during the marriage). Further, in reviewing the award we note the purpose of maintenance is to "bridge the gap between the reasonable needs of a spouse and that spouse's income." Dowell v. Dowell, 203 S.W.3d 271, 285 (Mo. App. W.D. 2006).

We find there was substantial evidence to support the trial court's implicit finding[3] that Respondent showed a need for maintenance, and that she was not yet able to support herself through appropriate employment. Respondent's Amended Statement of Income and Expenses ("Amended Statement") showed monthly rent in the amount of $2,400, amounting to $4,800 for the two months living in California. Additionally, Respondent showed utilities in the amount of

---

[2] All further references to section 452.335 are to RSMo 2000, which is the latest version of the statute.
[3] While neither party requested findings of fact, and the trial court did not make any explicit findings, it is implicit in the fact that the court awarded Respondent temporary maintenance that the court found Respondent showed a need. See Ivie, 439 S.W.3d at 200; Rule 73.01(c).

$809.74. Respondent also showed monthly car expenses of $1,398 for costs associated with oil, maintenance, taxes, and licenses associated with the vehicle. Respondent's living expenses amounted to nearly $3,000 for items such as food, clothing, laundry, and beauty shop charges.

Appellant argues Respondent relied on the needs of her children as a reason for her "exorbitant request." It is true that neither of Respondent's children is to be considered in awarding maintenance. See Arndt v. Arndt, 519 S.W.3d 890, 902 (Mo. App. E.D. 2017) (finding Missouri law is clear that maintenance is limited to the needs of the spouse receiving maintenance). However, this argument ignores Respondent's testimony at the hearing that she separated out the expenses for Daughter from her Amended Statement. Additionally, Son was living with Appellant at the time Respondent and Daughter moved back to California, so he could not have factored into her expenses there. The trial court did not abuse its discretion in awarding maintenance in this regard.

Additionally, Appellant relies on Carpenter v. Carpenter, in an attempt to support his assertions that Respondent failed to show a need for maintenance and that she was unable to support herself through appropriate employment. 935 S.W.2d 89 (Mo. App. E.D. 1996). In Carpenter, the husband requested maintenance but failed to monetize the expenses he claimed and failed to offer a statement of income and expenses. Id. at 91-92. For these reasons, and because the husband was living rent free with his sister at the time of trial, this Court found the husband failed to show a need for maintenance. Id. We further found that even if the husband had proved his monthly expenses, he did not demonstrate that he could not support himself through reasonable employment because, *inter alia*, (1) the evidence showed the husband voluntarily failed to seek employment; and (2) the trial court found the husband's testimony that he could not seek employment because he was disabled was not credible. Id. at 90-93.

6

In contrast, Respondent in this case submitted a detailed Amended Statement, separating out Daughter's expenses from her own and including a monetary value on every expense. Respondent was also spending more than $2,000 per month on rent. Further, the hearing on Respondent's motion for temporary maintenance was heard only a few months after she filed her petition for dissolution of marriage, during which time she had moved to California and had to set up her household there. Respondent has a high school education, and her filing of the petition for dissolution ended her stable employment at the Company. Accordingly, the circumstances of this case are distinguishable from Carpenter, and Appellant's reliance is misplaced.

Based on the foregoing, we find no abuse of discretion in the trial court's implicit finding that Respondent showed she could not yet provide for her needs through appropriate employment. Moreover, we presume the court considered Respondent's tax returns in rendering its decision. See Hosack v. Hosack, 973 S.W.2d 863, 868 (Mo. App. W.D. 1998) (when no specific factual findings are made or requested, we presume the trial court considered all the evidence in light of the relevant statutory factors). Therefore, we find the trial court did not abuse its discretion in awarding Respondent temporary maintenance based on Respondent's needs and inability to support herself through appropriate employment. Point one is denied.

## Point 2: Appellant's Inability to Pay

Appellant asserts in his second point on appeal that the trial court abused its discretion in awarding Respondent $8,000 per month in temporary maintenance, because he is unable to pay that amount and meet his reasonable needs of more than $11,000 per month, which includes $2,000 in credit card payments. We agree, and Reverse as to Appellant's second point.

Section 452.335.2 provides that the maintenance order "shall be in such amounts and for such periods of time as the court deems just, and after considering all relevant factors including .

7

. . [t]he ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance. . . ." Section 452.335.2(8). In determining the amount of the award, the trial court must "balance the reasonable needs of the spouse seeking maintenance *with the other spouse's ability to pay*." Dowell, 203 S.W.3d at 285 (emphasis added); see also Griffin v. Griffin, 986 S.W.2d 534, 538 (Mo. App. W.D. 1999). Section 452.335 requires the maintenance award be "just," and does not require the court to "award maintenance adequate to meet all the needs of the spouse even if the maintaining spouse has sufficient resources to provide such support." Rich v. Rich, 871 S.W.2d 618, 624 (Mo. App. E.D. 1994). The court is required to simply review the circumstances of the parties and the marriage to decide what may justly be required of the paying spouse. Id.

At the hearing on Respondent's motion, Appellant presented evidence of his annual income and the numerous expenses he incurs every month. Appellant's average income, after taxes, for the three years preceding the hearing was just over $99,000. The trial court's award totals $96,000 per year. The evidence at the hearing showed Appellant continues to pay for health insurance for himself, Respondent, and Respondent's two children totaling $1,600 per month. Appellant pays the car insurance on his vehicle, as well as Respondent's, for a total of $975 per month. Appellant has his own utility costs of more than $1,500 per month[4] and vehicle costs of nearly $800 per month. Appellant also has living expenses of $2,415 for food, clothing, and other similar items. In addition, Appellant pays $2,000 per month on the $50,000 in credit card debt which arose from the costs associated with Respondent's time in California with Son and Daughter. Appellant testified at length to his struggles trying to keep up with business expenses and Respondent's expenses in California, which ultimately resulted in him refusing to

---

[4] The breakdown of Appellant's Utilities costs is as follows: $220.47 for Gas; $460.87 for Water, Trash, and Electricity; $592.41 for Cell phones for four people; and $281.06 for Satellite TV and Wifi.

pay anything else and her returning to Missouri. It is also worth noting that after Respondent filed her petition for dissolution and moved to California with Daughter, Son continued to live with Appellant.

Instead of refuting this evidence of Appellant's income and expenses, Respondent instead argues Appellant uses the business to pay for personal costs, has numerous rental properties unencumbered by debt, and is currently listing one of the Company's homes for more than $1,000,000. But Appellant testified at the hearing that, while he does put some personal expenses on his business card, he reconciles those personal expenses when it "comes tax time." As to the rental properties, we find it important to note that when Respondent, after filing her petition for dissolution, withdrew $23,000 from the parties' Commerce Bank account, she was taking from the account Appellant used to cover the costs associated with the Company's rental properties. This left nothing to pay real estate taxes and similar expenses for those properties, and resulted in a bounced check of $4,000. Additionally, Respondent's attempt to justify her maintenance award by pointing to one of the Company's homes Appellant has listed for over $1,000,000 is further evidence of Appellant's inability to afford the amount of temporary maintenance awarded. Her testimony that "we always get asking price," is vague at best.

Additionally, Respondent's argument fails because it thwarts "the conceptual emphasis on marriage as a partnership" underpinning Section 452.335. Weiss v. Weiss, 702 S.W.2d 948, 956 (Mo. App. W.D. 1986) ("the conceptual emphasis on marriage as a partnership underpinning [section] 452.335 [ ] would be thwarted if the ability of the husband to pay was exclusively seized upon to justify an otherwise excessive and unwarranted maintenance award."). As this Court has previously found, just because a husband has the means to provide a greater portion of the wife's needs does not mean that he must. Raines v. Raines, 583 S.W.2d 564, 567 (Mo. App. E.D. 1979). Further, the same conceptual emphasis is thwarted if a spouse is required to pay

maintenance in an amount greater than his ability to meet both his needs and those of the spouse seeking maintenance. Weiss, 702 S.W.2d at 956; see also Thomas v. Thomas, 76 S.W.3d 295, 302 (Mo. App. W.D. 2002) (finding a maintenance award should not exceed the spouse paying maintenance's capacity to provide). This award of $8,000 per month exceeds Appellant's capacity to provide, and the record contains no evidence to rebut the reasonable conclusion that the amount, in relationship to Appellant's total income and essential needs, will deprive him of the ability to satisfy those needs. See Dowell, 203 S.W.3d at 285; Griffin, 986 S.W.2d at 538.

Respondent attempts to point this Court to the broad discretion granted to trial courts in awarding temporary maintenance, and the fact that appellate courts are extremely cautious in disturbing such awards. See, e.g., Gardner, 320 S.W.3d at 235. However, we will disturb such an award when it is patently unwarranted or is wholly beyond the means of the spouse paying maintenance. See In re Marriage of Buchholz, 139 S.W.3d at 608. Even viewing the evidence in the light most favorable to the judgment, we find the trial court's award of $8,000 per month in temporary maintenance was not supported by substantial evidence, and was thus an abuse of discretion. Requiring Appellant to pay such an amount would completely deprive him of the ability to also provide for his reasonable needs of more than $11,000 per month. Point two is granted.

### III. Conclusion

The trial court's judgment is affirmed in part, reversed in part, and remanded for the trial court to reevaluate the temporary maintenance award in a manner consistent with this opinion.

_____
ROY L. RICHTER, Judge

Robert M. Clayton III, J., concurs.
Angela T. Quigless, J., concurs.

10